IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

US FOODS, INC.,

       Plaintiff,

v.

WILLIAM T. KANE aka BILL T. KANE, an individual; and RONALD G. LINABURG, D.D.S., an individual,

       Defendants.

Case No. 2:19-cv-946-JFC

**JURY TRIAL DEMANDED.**

## ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM

**AND NOW**, comes Defendant William T. Kane aka Bill T. Kane (hereinafter "Defendant" or "Kane") by and through undersigned counsel, and hereby files this Answer with Affirmative Defenses and Crossclaim, and in support thereof, avers as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

### THE PARTIES

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and as such the same are denied.

2. Admitted.

3. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and as such the same are denied.

### JURISDICTION AND VENUE

4. The averments of Paragraph 4 are conclusions of law to which no response is required.

5. The averments of Paragraph 5 are conclusions of law to which no response is required.

## **GENERAL ALLEGATIONS**

6. The averments of Paragraph 6 are denied as stated. Any allegation or implication that US Foods supplied various food and food-related products and services to 5171 Campbells Land Co., Inc. ("Campbells") prior to January 31, 2018 is denied.

7. The averments of Paragraph 7 relate to a Customer Account Application (the "Agreement") which is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. To the extent a response may be required, it is admitted only that Campbells signed the Agreement, and the remaining allegations of Paragraph 7 are denied.

8. The Agreement is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant denies the allegations of Paragraph 8 as stated. The allegations of Paragraph 8 represent an incomplete and potentially inaccurate attempt to summarize a document that speaks for itself. Defendant denies any and all allegations relating to the terms of the Agreement that are inconsistent with the plain, written language of the Agreement.

9. The Agreement is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant denies the allegations of Paragraph 9 as stated. The allegations of Paragraph 9 represent an incomplete and potentially inaccurate attempt to summarize a document that speaks for itself. Defendant denies any and all allegations relating to the terms of the Agreement that are inconsistent with the plain, written language of the Agreement.

10. The Agreement is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant denies the allegations of Paragraph 10 as stated. The allegations of Paragraph 10 represent an incomplete and potentially inaccurate attempt to summarize a document that speaks for itself. Defendant denies any and all allegations relating to the terms of the Agreement that are inconsistent with the plain, written language of the Agreement.

11. The Agreement, including the alleged personal guaranty executed by Guarantors (the "Guaranty") is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant denies the allegations of Paragraph 11. The allegations of Paragraph 11 represent an incomplete and potentially inaccurate attempt to summarize a document that speaks for itself. Defendant denies any and all allegations relating to the terms of the Agreement and/or the Guaranty that are inconsistent with the plain, written language of said documents.

12. The Guaranty is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant further denies any and all allegations relating to the Guaranty that are inconsistent with or go beyond the plain, written language of the Guaranty.

13. The Agreement/the Guaranty is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant denies any and all allegations relating to

the Agreement/the Guaranty that are inconsistent with or go beyond the plain, written language of the Guaranty.

14. The averments of Paragraph 14 are admitted in part and denied in part. It is admitted only that food items were ordered and delivered. The remaining averments of Paragraph 14 are denied as stated. It is denied that Campbells ordered, received, and accepted delivery of goods and services from US Foods as reflected on invoices sent by US Foods to Campbells. The invoices alleged are written documents, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. Further, the actual invoices are not attached to the Complaint and therefore Defendant cannot respond. To the extent a response may be required, the averments of Paragraph 14 relating to the invoices are denied as stated as they represent an incomplete and potentially inaccurate attempt to summarize written documents which are unattached but would speak for themselves.

15. The terms contained in the Agreement and the invoices are written terms, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. Further, the actual invoices are not attached to the Complaint and therefore Defendant cannot respond.

16. The averments of Paragraph 16 are conclusions of law to which no response is required. By way of further response, the invoices are written documents, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. Further, the actual invoices are not attached to the Complaint and therefore Defendant cannot respond to averments related to invoices. However, it is denied that US Foods performed all of its obligations. To the contrary, US Foods

breached the parties' agreement and/or its duty of good faith and fair dealing when it improperly cut off shipments to Campbells, which damaged Campbells business and affected its ability to pay.

17. The averments of Paragraph 17 are conclusions of law to which no response is required. By way of further response, the Agreement and the alleged Unpaid Invoices are written documents, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. The actual invoices are not attached to the Complaint and therefore Defendant cannot respond. Further, the alleged summary of Unpaid Invoices attached to the Complaint as Exhibit B is a self-serving document, which Defendant does not know who created and which does not contain any substantive documentation. To the extent a response may be required, the averments of Paragraph 17 are denied. It is denied that as of the date of the Complaint, US Foods is owed a total of $600,512.14 on past due invoices accrued pursuant to the Agreement, exclusive of interest, costs and fees. To the contrary, Kane believes that US Foods has received other payment(s) by Campbells' bankruptcy estate, for which Campbells did not receive credit. Kane hereby requests an accounting.

18. The averments of Paragraph 18 are conclusions of law to which no response is required. By way of further response, the Agreement and the Unpaid Invoices are written documents, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. The actual invoices are not attached to the Complaint and therefore Defendant cannot respond. To the extent a response may be required, the averments of Paragraph 18 are denied as the alleged amount due is in dispute.

## COUNT I
## BREACH OF GUARANTY

19. Defendant incorporates by reference the answers set forth in Paragraphs 1 through 18 above as though fully set forth herein.

20. The averments of Paragraph 20 are conclusions of law to which no response is required. By way of further response, the Agreement and the invoices are written documents and terms, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required.

21. The averments of Paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, it is denied that US Foods fully performed its obligations, including suppling all required goods and services to Campbells. In fact, to the contrary, US Foods breached the parties' agreement and/or its duty of good faith and fair dealing when it improperly cut off shipments to Campbells, which damaged Campbells' business and affected its ability to pay.

22. The averments of Paragraph 22 are admitted in part and denied in part. It is admitted only that some food items were ordered and delivered. To the extent that "all goods and services supplied by US Foods" refers to goods and services documented on invoices, Kane is unable to respond as the invoices are not attached and, therefore, the remaining averments are denied.

23. The averments of Paragraph 23 are admitted in part and denied in part. It is admitted only that some invoices were submitted to Campbells. The alleged invoices are written documents, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. The actual invoices are not attached to the Complaint and therefore Defendant cannot respond. Further, Exhibit B is

a self-serving document, which Defendant does not know who created and which does not contain any substantive documentation. Accordingly, the remaining averments of Paragraph 23 are denied.

24. The averments of Paragraph 24 are legal conclusions to which no response is required. To the extent a response may be required, Defendant disputes the alleged outstanding balance owed and demands an accounting, and therefore the averments of Paragraph 24 are denied

25. The Guaranty mentioned in Paragraph 25 is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required.

26. The averment of Paragraph 26 is a conclusion of law to which no response is required. By way of further response, the Guaranty is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required.

27. The averment of Paragraph 27 is a conclusion of law to which no response is required. By way of further response, the Guaranty is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required.

28. Paragraph 28 relates to the Guaranty, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required.

29. The averment of Paragraph 29 is a conclusion of law to which no response is required.

30. The averment of Paragraph 30 is a conclusion of law to which no response is required.

31. The averment of Paragraph 31 is a conclusion of law to which no response is required. To the extent a response may be necessary, it is denied that US Foods has been damaged in the amount of $600,512.14 exclusive of interest, costs and fees. In fact, Kane believes that US Foods has received other payment(s) by Campbells' bankruptcy estate, for which Campbells did not receive credit. Kane hereby requests an accounting.

## COUNT II
## ACCOUNT STATED
## (In the alternative to Count I)

32. Defendant incorporates by reference the answers set forth in Paragraphs 1 through 31 above as though fully set forth herein.

33. It is admitted only that prior to this action, for a period of time, Campbells ordered food from US Foods and said food was delivered. Any allegations or implications regarding the "on-going business relationship" and the goods and services ordered or provided are denied.

34. Paragraph 34 is admitted in part and denied in part. It is admitted only that Campbells ordered food, food was delivered, and some invoices were submitted. The remaining allegations of Paragraph 34 are denied as the invoices are written documents, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. Further, the specific invoices in question are not attached to the Complaint and, thus, Defendant is without sufficient knowledge or information to respond.

35. Defendant is without knowledge or information relating to "US Foods' normal accounting procedures" and thus cannot admit or deny the averments of Paragraph 35. As

such, the averments are denied. It is denied that the invoices were delivered to Campbells in accordance with US Foods' normal accounting procedures.

36. The averments of Paragraph 36 are conclusions of law to which no response is required. Additionally, the specific invoices in question are not attached to the Complaint and, thus, Defendant is without sufficient knowledge or information to respond. To the extent a response may be required, the averments of Paragraph 36 are denied. It is denied that the parties agreed on the balances of the amounts due and owing for said goods and services, and strict proof thereof is demanded.

37. The averments of Paragraph 37 are admitted in part and denied in part. It is admitted only that Campbells received certain invoices. The specific invoices in question are not attached to the Complaint, and thus Defendant is without information or knowledge sufficient to further respond. Therefore, the remaining averments of Paragraph 37 are denied as stated.

38. The Guaranty is a written document, the plain language of which speaks for itself and the interpretation of which is a legal conclusion to which no response is required. By way of further response, Defendant further denies any and all allegations relating to the Guaranty that are inconsistent with the plain, written language of the Guaranty.

39. The averment of Paragraph 39 is a conclusion of law to which no response is required. To the extent a response may be necessary, it is denied that Kane owes US Foods $600,512.14 plus interest and fees pursuant to the Guaranty. In fact, Kane hereby requests an accounting as he believes US Foods has received payment(s) through Campbells' bankruptcy estate which have not been credited. Moreover, the alleged debt would have accrued when Ronald G. Linaburg, D.M.D. was solely responsible for

running Campbells and maintaining its accounts and, thus, in the event that Defendants are found liable Kane denies that he is liable for any alleged debt.

**WHEREFORE**, Defendant William T. Kane aka Bill T. Kane respectfully requests that judgment be entered in his favor and against Plaintiff US Foods, Inc., and for such other and further relief as this Honorable Court may deem just and proper.

### AFFIRMATIVE DEFENSES
### OF DEFENDANT WILLIAM T. KANE a/k/a BILL T. KANE

40. Defendant incorporates by reference Paragraphs 1 through 39 above as though fully set forth herein.

41. On September 9, 2019, US Foods received a wire in the approximate amount of fifty thousand dollars ($50,000) from Campbells' bankruptcy estate. In the event it is determined that the debt is valid and that Kane is found liable, Kane is entitled to receive a credit for this payment.

42. It is expected that US Foods will receive additional funds from Campbells' bankruptcy estate. In fact, US Foods has been granted an allowed administrative claim in the Campbells bankruptcy of the approximate amount of $330,000 from Campbells. Thus, to the extent Kane is found liable herein, Kane is entitled to receive a credit for all payments received from Campbells.

43. US Foods is required to exhaust its collection efforts against Campbells, which collection efforts have not been exhausted, prior to seeking payment from the guarantors.

44. Kane disputes the amount alleged due and believes that all payments from Campbells were not credited. Accordingly, Kane hereby demands an accounting.

45. US Foods improperly cut off shipments to Campbells, which damaged Campbells business and affected its ability to pay. Put differently, US Foods breached the parties' agreement and/or its duty of good faith and fair dealing.

46. To the extent the alleged debt is valid, the balance owed and deficit were run up when Campbells was under the control of Defendant Ronald G. Linaburg, D.M.D. ("Linaburg"). Linaburg was an officer/director of Cambells through his resignation on December 13, 2018. Prior to his resignation, Linaburg and his employee John Hischar were solely responsible for the accounting and management of Campbells, including ordering food from US Foods and paying all corresponding invoices. In fact, at the time of Linaburg's resignation from Campbells, the balance owed to US Foods was approximately $630,000. Thus, US Foods is required to seek payment from Linaburg first.

47. US Foods has failed to mitigate its damages.

48. Defendant has a right to setoff for the amounts already paid.

**WHEREFORE**, Defendant William T. Kane aka Bill T. Kane respectfully requests that judgment be entered in his favor and against Plaintiff US Foods, Inc., and for such other and further relief as this Honorable Court may deem just and proper.

## CROSSCLAIM

*William T. Kane a/k/a Bill T. Kane v. Ronald G. Linaburg, D.M.D.*
*Contribution*

49. Kane hereby incorporates Paragraphs 1 through 48 above as though the same were more fully set forth herein.

50. Without admitting any of the averments of Plaintiff's Complaint or the allegations made against him, Kane hereby incorporates the claims made by Plaintiff against Defendant

Ronald G. Linaburg, D.M.D. ("Linaburg") as though the same were more fully set forth herein.

51. Kane and Linaburg are both members of Campbells, a company that purchased a chain of Perkins Franchise restaurants in early 2018.

52. Linaburg was an officer/director of Campbells through December 13, 2018, when he resigned. In fact, Linaburg referred to himself as Vice President of Campbells, and held himself out as having a sixty percent (60%) ownership interest in Campbells.

53. Linburg maintained effective participation in the ownership and control of Campbells.

54. Linaburg and his employee John Hischar were responsible for the day to day accounting functions of Campbells.

55. Linaburg and John Hischar were the primary representatives of Campbells that ordered food and services from US Foods and paid the resulting invoices.

56. Linaburg resigned from Campbells on December 13, 2018, and Kane took over the accounting and management of Campbells at that time.

57. Upon taking over the management of Campbells and its accounts, Kane discovered that Linaburg had overdrawn the accounts substantially and allowed a balance with US Foods to accrue.

58. US Foods alleges damages in the amount of $600,512.14. Although Kane disputes the amount of the alleged damages, the balance owed to US Foods when Linaburg resigned from Campbells was approximately $630,000.

59. Thus, the past due balance did not increase when Kane took over the accounting and management of Campbells in December of 2018.

60. To the extent that any of the alleged damages are found to be valid, Linaburg is responsible for running up the balance owed by Campbells to US Foods.

61. Accordingly, to the extent that the damages alleged by Plaintiff may be found to be valid, then Linaburg is jointly and severally liable with Kane for any and all sums and costs, and liable over to Kane for contribution.

**WHEREFORE**, Defendant William T. Kane aka Bill T. Kane respectfully requests that judgment be entered in his favor and against Defendant Dr. Ronald G. Linaburg in an amount to be determined at trial, including costs and fees, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

__*/s/ Dennis M. Blackwell*___
Dennis M. Blackwell
PA I.D. #61040
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
(412) 391-5299

and

Robert O Lampl
PA I.D. #19809
James R. Cooney
PA I.D. #32706
David L. Fuchs
PA I.D. # 205694
Ryan J. Cooney
PA I.D. #319213
Sy O. Lampl
PA I.D. #324741
Benedum Trees Building, Floor 4
223 Fourth Avenue

Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

*Counsel for Defendant, William T. Kane
a/k/a Bill. T. Kane*

**CERTIFICATE OF SERVICE**

      I, Dennis M. Blackwell, hereby certify that on the 6th day of November, 2019, a true and correct copy of the within **ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM** was served via the Court's CM/ECF System and U.S. Mail upon the following:

Gretchen E. Moore, Esq.
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Maria Zoee Vathis, Esq.
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
*Counsel for Plaintiff*

Michael P. Oliverio, Esq.
The Lynch Law Group
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
*Counsel for Defendant Linaburg*

                    Respectfully submitted,

                    */s/ Dennis M. Blackwell*
                    Dennis M. Blackwell
                    PA I.D. #61040