IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

US FOODS, INC.,

       Plaintiff,                              Case No. 2:19-cv-946-JFC

  v.

WILLIAM T. KANE aka BILL T. KANE,
an individual; and RONALD G.
LINABURG, D.D.S., an individual,

       Defendants.

**JURY TRIAL DEMANDED.**

**MOTION TO DISMISS DEFENDANT LINABURG'S CROSSCLAIM**

Defendant William T. Kane aka Bill T. Kane (hereinafter "Kane"), through his undersigned counsel, moves to dismiss the Crossclaim filed by Ronald G. Linaburg, D.M.D. (hereinafter "Linaburg") against Kane for failure to state a claim upon which relief can be granted. The bases for this motion are more fully set forth in the accompanying memorandum of law.

Linaburg's Crossclaim fails to set forth sufficient facts to establish a cause of action against Kane. Linaburg seeks indemnity and contribution under Pennsylvania common law, but his claim fails because it is not factually or legally sufficient. Linaburg's conclusory statement of entitlement to indemnity further fails to state a claim in which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6). The doctrine of indemnification is inapplicable here as a matter of law.

Under the circumstances, neither a claim for common law contribution nor a claim for common law indemnification can be asserted against Kane.

WHEREFORE, Defendant William T. Kane aka Bill T. Kane respectfully requests that this Honorable Court dismiss with prejudice Defendant Ronald G. Linaburg, D.M.D.'s Crossclaim.

        Respectfully submitted,

        __/s/ Dennis M. Blackwell____
        Dennis M. Blackwell
        PA I.D. #61040
        The Blackwell Law Firm
        Benedum Trees Building, Floor 9
        223 Fourth Avenue
        Pittsburgh, PA 15222
        (412) 391-5299

        and

        Robert O Lampl
        PA I.D. #19809
        James R. Cooney
        PA I.D. #32706
        David L. Fuchs
        PA I.D. # 205694
        Ryan J. Cooney
        PA I.D. #319213
        Sy O. Lampl
        PA I.D. #324741
        Benedum Trees Building, Floor 4
        223 Fourth Avenue
        Fourth Floor
        Pittsburgh, PA 15222
        (412) 392-0330 (phone)
        (412) 392-0335 (facsimile)

        *Counsel for Defendant, William T. Kane a/k/a Bill. T. Kane*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

US FOODS, INC.,

      Plaintiff,                                      Case No. 2:19-cv-946-JFC

  v.

WILLIAM T. KANE aka BILL T. KANE,
an individual; and RONALD G.
LINABURG, D.D.S., an individual,

      Defendants.

**JURY TRIAL DEMANDED.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KANE'S MOTION TO DISMISS DEFENDANT LINABURG'S CROSSCLAIM

Defendant William T. Kane aka Bill T. Kane (hereinafter "Kane"), by and through his undersigned counsel, moves to dismiss the Crossclaim filed by Ronald G. Linaburg, D.M.D. (hereinafter "Linaburg") against Kane for failure to state a claim upon which relief can be granted. Linaburg filed his Crossclaim for contribution and indemnity by setting forth broad allegations against Kane and making conclusory statements regarding entitlement to contribution and indemnity.

Linaburg's claim for contribution under Pennsylvania common law fails because he does not sufficiently plead his claim. Without sufficient facts alleged, Linaburg fails to state a claim for contribution and such claim should be dismissed pursuant to Rule 12(b)(6).

Linaburg's claim for indemnification under Pennsylvania common law fails because he did not – and cannot – provide factual allegations to support the necessary claim that he is completely faultless. Further, common law indemnification applies when a tort has been committed, and not to breach of contract claims such as Plaintiff's Complaint in this case. Under

these circumstances, Linaburg's claim for indemnification should be dismissed pursuant to Rule 12(b)(6).

## STATEMENT OF THE FACTS

Defendants Kane and Linaburg were both members of 5171 Campbells Land Co., Inc. (hereinafter "Campbells"), a company which is currently in bankruptcy. Linaburg referred to himself as Vice President of Campbells and held himself out as having a sixty percent (60%) ownership interest in Campbells. Linaburg was responsible for the management of Campbells. Moreover, Linaburg and his employee John Hischar were solely responsible for the day-to-day accounting functions of Campbells.

Campbells entered into an Agreement with US Foods in January of 2018. Kane and Linaburg both executed a Guaranty in accordance with said Agreement, agreeing to be personal guarantors for any amount that may be owed to US Foods. At the time of the execution of the Agreement and the Guaranty, and through December of 2018, Linaburg continued to be solely responsible for the accounting and management of Campbells. Linaburg and his employee John Hischar were the primary representatives of Campbells that ordered from US Foods and paid the resulting invoices.

On December 13, 2018, Linaburg resigned from Campbells, and Kane took over the accounting and management of Campbells. At that time, Kane learned that Linaburg had allowed Campbells to incur over $600,000 owed to US Foods and that Linaburg had overdrawn Campbells' accounts by over $500,000.

US Foods filed suit against Kane and Linaburg, seeking $600,512.14 in damages for alleged unpaid invoices. Kane disputes the amount alleged to be owed, and seeks an accounting. Linaburg subsequently filed an Answer with Affirmative Defenses to US Foods' Complaint and

a Crossclaim against Kane for indemnification and contribution. Kane now files this Motion to Dismiss to respectfully request that this Honorable Court dismiss Defendant Linaburg's Crossclaim with prejudice.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The Court must accept as true all reasonable inferences emanating from the allegations, and view the facts and inferences in the light most favorable to the nonmoving party. *See*, *Revell v. Port. Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim may be properly dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 556). The pleading must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion." *Twombly*, 550 U.S. at 555, 557.

Moreover, courts are not bound to accept as true legal conclusions framed as factual allegations. *Id*. at 564. "The tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

**Linaburg's Crossclaim Fails to State a Claim Upon Which Relief Can Be Granted.**

Linaburg's Crossclaim should be dismissed pursuant to Rule 12(b)(6) because it fails to adequately state a claim against Kane. Applying the *Twombly* and *Iqbal* doctrine, the Third Circuit applies a two-part analysis that district courts in this Circuit must conduct when determining whether a claim is adequately stated. *See*, *Edwards v. A.H. Cornell and Sons, Inc.*, 610 F.3d 217 (3d Cir. 2010). "First, the factual and legal elements of a claim should be separated," accepting all well-pleaded facts as true and disregarding any legal conclusions. *Id*. at 219. Second, the District Court must determine whether the facts alleged do more than merely allege entitlement to relief, but rather actually show a plausible claim for relief. *Id*. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal*, 1556 U.S. at 679.

Linaburg's Crossclaim is not well-pleaded and does not show that he is entitled to relief. Linaburg merely incorporates his Affirmative Defenses to Plaintiff's Complaint and the allegations in the Complaint made against Kane, and then makes broad allegations and implications that Kane breached his fiduciary duty and engaged in bribery and fraud, among other baseless accusations. However, Linaburg does not offer any details or evidence to support his allegations. Linaburg alleges that Kane prevented certain corporate formalities and corporate requirements, and simply states that Kane engaged in "systemic oppression and fraud." However, he does not allege how said prevention, oppression, or fraud occurred, in direct

violation of Federal Rule of Civil Procedure 9, which mandates that circumstances constituting allegations of fraud must be pled with particularity. Further, Linaburg makes conclusory statements about alleged schemes that Kane was allegedly involved in, without offering any actual evidence of such occurrences. These are exactly the "mere conclusory statements" that the Supreme Court found insufficient in *Iqbal*. The broad allegations set forth by Linaburg are baseless accusations, full of speculation, that fall woefully short of establishing that Kane is liable for the misconduct alleged. The allegations of Linaburg's Crossclaim do not sufficiently show that he is entitled to relief.

Linaburg's Crossclaim further makes unfounded allegations of ownership and management of Campbells, leading to its assertion that Linaburg resigned from active participation in the company in December of 2018. Linaburg attempts to shift all liability for any alleged damages his resignation to Kane through its conclusory statement in Paragraph 116. However, Linaburg fails to allege that Campbells had a zero balance with US Foods at the time of his resignation and sufficient funds in the company's account to pay its debts as they became do. Said facts are necessary due to the fact that, contrary to his untrue allegations, Linaburg was actually running the company and solely responsible for the accounts prior to his resignation. Without alleging a stable financial state prior to his resignation, or supporting any of his other statements that must be pled with particularity, Linaburg does not state an adequate claim for all liability to shift to Kane after December 2018 under the standard set forth by the Third Circuit, as he has not established that he is not responsible for any alleged debt and damages such that he is entitled to his requested relief. Further, Linaburg's resignation in December of 2018 does not resolve him of his liability on the Guaranty after December 13, 2018, nor does his Crossclaim sufficiently plead as such. Again, Linaburg's Crossclaim fails to state a plausible claim for relief.

Linaburg's Crossclaim further attempts to establish that Kane is liable over to Linaburg for contribution and indemnification for any alleged damages that may be due with his conclusory statement in Paragraph 117. Not only does Kane not establish the requirements for common law contribution or indemnification, as further set forth below, but none of the alleged wrongdoings of Kane establish that he would be liable to Linaburg for a personal guarantee that Linaburg gave US Foods for a debt that was incurred during a time when Linaburg maintained control of the company. Under the standard set forth by the Third Circuit, Linaburg's claims are insufficient.

**Linaburg Fails to State a Claim Upon Which Relief Can be Granted for Common Law Contribution.**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

In Linaburg's Crossclaim, the conclusory reference of entitlement to contribution violates Rule 8, and further fails to state a claim in which relief can be granted. Linaburg does not set forth a single factual averment that he has paid any amount toward the alleged debt that would entitle him to contribution. Instead, Linaburg seemingly makes the claim that he is entitled to contribution from Kane based upon unsupported and untrue allegations of Kane's alleged wrongdoing and Linaburg's alleged hardships. Additionally, Linaburg does not set forth facts or law related to contribution. Linaburg's vague manner of pleading is insufficient under the Federal Rules and does not show the existence of a plausible claim for relief. Accordingly, under Rule 12(b)(6), Linaburg's crossclaim for contribution should be denied.

**Linaburg Fails to State a Claim Upon Which Relief Can be Granted for Common Law Indemnification.**

Under Pennsylvania law, indemnity is available only in two circumstances: (1) where there is an express contract to indemnify; or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts. *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 448 (3d Cir. 2000). Linaburg's Crossclaim does not allege that Linaburg and Kane had an express contract to indemnify, and thus the first circumstance does not apply. The second circumstance relates to common law indemnity.

Under Pennsylvania common law, indemnification is an equitable fault shifting mechanism that transfers the entire responsibility for damages from a party who, without any fault, was required to pay because of a legal relationship with the party who was at fault. *See*, *City of Wilkes Barre v. Kaminski Brothers Inc.*, 804 A.2d 89, 92 (Pa. Cmwlth. 2002); *DiPietro v. City of Philadelphia*, 344 Pa. Super. 191, 195 (1985). Common law indemnity requires two elements: (1) a preexisting legal relationship between the indemnitor and the indemnitee and (2) a tort. The Pennsylvania Supreme Court has discussed common law indemnity as requiring a legal obligation that compels indemnification and damages occasioned by the initial negligence of the party that owes the indemnity. *Builders Supply Co. v. McCabe*, 77 A.2d 368, 370 (Pa. 1951). *See also*, *Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. 2000)(explaining that common law indemnification applies when a defendant's liability "arises not out of its own conduct, but out of [1] a relationship that legally compels the defendant to pay for [2] the act or omission of a third party.").

A party is not entitled to common law indemnity if he is at fault to any degree. *Builders Supply Co. v. McCabe*, 366 Pa. 322, 328 (1951). *See also*, *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1236 (Pa. 1983)(discussing where a party's actions were a contribution factor to

an injury, the party cannot recover indemnity from a joint tortfeasor). Moreover, "common law indemnity is a means of restitution to be used by one tortfeasor against another, and *not when the third party plaintiff's liability is based on a breached contract* between it and the original plaintiff." *Pansini v. Trane Co.*, 2018 WL 2129453, at *2 (E.D. Pa. May 9, 2018). *See also*, *Kane v. BOC Group, Inc.*, 234 F.3d 160, 165-66 (3d Cir. 2000)(analyzing indemnification recovery as separate from breach of contract recovery; *E. Elec. Corp. of N.J. v. Rumsey Elec. Co.*, 2010 WL 2788294, at *2 (E.D. Pa. July 14, 2010)(*emphasis added*); *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 492 (W.D. Pa. 2016)("Like contribution , common law indemnity is only available for liability sounding in tort and is not available for breach of contract."); *Bombardier Transportation Holdings USA, Inc. v. United Chemi-Con, Inc.*, 2018 WL 1427085, at *3 (W.D. Pa. Mar. 22, 2018).

  Here, Linaburg fails to set forth an adequate claim for common law indemnity for several reasons. First and foremost, Linaburg fails to plead any sort of legal relationship between him and Kane. Linaburg's Crossclaim is devoid of any specific relationship between him and Kane, other than mere mentions of the fact that they both had ownership in the company. While Linaburg and Kane are considered accommodation parties with Campbells under the Uniform Commercial Code due to the fact that they both signed the Guaranty, Linaburg does not assert this. *See*, 9 P.L.E. 307. Even if it can be construed that there is a legal relationship between the two due to their status of accommodation parties, said relationship does not entitle Linaburg to indemnification. Under Pennsylvania law, when one of two accommodation parties has paid the instrument, he is entitled to contribution from the co-parties. See, 9 P.L.E. 389. However, the law does not set forth that he is entitled to indemnification. The very nature of accommodation parties is that both parties are liable, which is contrary to the notions of indemnification.

Even if an applicable legal relationship were to be found between Linaburg and Kane, the claim for indemnification still fails. Linaburg is not being sued by Plaintiff for a tort. Plaintiff's claim against Linaburg is for Breach of Guaranty and Account Stated. As set forth above, indemnity is not available for actions based upon breach of contract. Plaintiff's claims fall into the breach of contract category, and thus Linaburg is not entitled to indemnification.

Moreover, there is no relationship that compels Linaburg to pay for the actions of a third party as is required for indemnification. Linaburg's liability here is based on his execution of the Guaranty, not on some relationship he has with Kane that makes him liable for Kane's actions. Although Linaburg alleges that he resigned from the Company, he does not allege that said resignation ended his liability on the Guaranty to US Foods. Additionally, Linaburg's liability is based on the fact that his conduct prior to resignation created the alleged damages. Linaburg does not allege that when he resigned the company had a zero balance with US Foods and the ability to pay their debts as they came due. In fact, when Linaburg resigned, the company was already in substantial debt and overdrawn on its account, which was unbeknownst to the other members of the company due to the fact that Linaburg was running the company's operations and handling the accounts. Accordingly, Linaburg is at fault for the alleged damages. Notably, while Linaburg's claim is full of unfounded accusations against Kane, he does not allege or establish that he is not at fault to any degree. Under Pennsylvania law, the fact that Linaburg is at fault indicates that he is not entitled to indemnification. This fact alone necessitates that Linaburg's crossclaim for indemnification be dismissed.

The doctrine of indemnification is inapplicable as a matter of law in Linaburg's Crossclaim. The Crossclaim fails to satisfy the Third Circuit's application of the *Twombly* and

*Iqbal* doctrine as it fails to properly plead a sufficient cause of action against Kane. Accordingly, under Rule 12(b)(6), the Crossclaim should be dismissed.

## CONCLUSION

For the foregoing reasons, Linaburg's Crossclaim fails to adequately state a claim upon which relief can be granted. Linaburg fails to plead facts sufficient to establish any causes of action against Kane. Accordingly, the Crossclaim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

__/s/ Dennis M. Blackwell____
Dennis M. Blackwell
PA I.D. #61040
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
(412) 391-5299

and

Robert O Lampl
PA I.D. #19809
James R. Cooney
PA I.D. #32706
David L. Fuchs
PA I.D. # 205694
Ryan J. Cooney
PA I.D. #319213
Sy O. Lampl
PA I.D. #324741
Benedum Trees Building, Floor 4
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

*Counsel for Defendant, William T. Kane a/k/a Bill. T. Kane*

## **CERTIFICATE OF SERVICE**

I, Dennis M. Blackwell, hereby certify that on the 6th day of November, 2019, a true and correct copy of the within **MOTION TO DISMISS** was served via the Court's CM/ECF System and U.S. Mail upon the following:

Gretchen E. Moore, Esq.
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Maria Zoee Vathis, Esq.
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
*Counsel for Plaintiff*

Michael P. Oliverio, Esq.
The Lynch Law Group
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
*Counsel for Defendant Linaburg*

Respectfully submitted,

__*/s/ Dennis M. Blackwell*___
Dennis M. Blackwell
PA I.D. #61040