IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

US FOODS, INC.,

       Plaintiff,　　　　　　　　　　Case No. 2:19-cv-946-JFC

  v.

WILLIAM T. KANE aka BILL T. KANE,
an individual; and RONALD G.
LINABURG, D.D.S., an individual,

       Defendants.

**JURY TRIAL DEMANDED.**

## MOTION TO STRIKE DEFENDANT LINABURG'S AFFIRMATIVE DEFENSES

       Pursuant to Federal Rule of Civil Procedure 12(f), Defendant William T. Kane aka Bill T. Kane (hereinafter "Kane"), by and through his undersigned counsel, moves to strike Paragraphs 49 through 84 of the Affirmative Defenses filed by Ronald G. Linaburg, D.M.D (hereinafter "Linaburg"). These Paragraphs should be stricken as they are immaterial, impertinent, and scandalous. Additionally, Linaburg's allegations against Kane in said paragraphs are factually and legally insufficient. The bases for this motion are more fully set forth in the accompanying memorandum of law.

       WHEREFORE, Defendant William T. Kane aka Bill T. Kane respectfully requests that this Honorable Court strike Paragraphs 49 through 84 of Defendant Ronald G. Linaburg, D.M.D.'s Affirmative Defenses.

                                              Respectfully submitted,

                                              */s/ Dennis M. Blackwell*
                                              Dennis M. Blackwell
                                              PA I.D. #61040
                                              The Blackwell Law Firm
                                              Benedum Trees Building, Floor 9
                                              223 Fourth Avenue
                                              Pittsburgh, PA 15222

(412) 391-5299

and

Robert O Lampl
PA I.D. #19809
James R. Cooney
PA I.D. #32706
David L. Fuchs
PA I.D. # 205694
Ryan J. Cooney
PA I.D. #319213
Sy O. Lampl
PA I.D. #324741
Benedum Trees Building, Floor 4
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

*Counsel for Defendant, William T. Kane
a/k/a Bill. T. Kane*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

US FOODS, INC.,

      Plaintiff,                                  Case No. 2:19-cv-946-JFC

     v.

WILLIAM T. KANE aka BILL T. KANE,
an individual; and RONALD G.
LINABURG, D.D.S., an individual,

      Defendants.

**JURY TRIAL DEMANDED.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KANE'S MOTION TO STRIKE DEFENDANT LINABURG'S AFFIRMATIVE DEFENSES

Defendant William T. Kane aka Bill T. Kane (hereinafter "Kane"), by and through his undersigned counsel, moves to strike Paragraphs 49 through 84 of the Affirmative Defenses filed by Ronald G. Linaburg, D.M.D. (hereinafter "Linaburg"). Linaburg's Affirmative Defenses make broad allegations against Kane, which are not supported by fact and are libelous. Said allegations have no bearing on Defendants' liability for the alleged damages, and their inclusion overly prejudices Kane. Accordingly, Paragraphs 49 through 84 of Linaburg's Affirmative Defenses should be stricken. In the alternative, if the Affirmative Defenses are not stricken as a whole, any mention of Kane or allegations regarding Kane's acts or omissions should be stricken. Additionally, and due to the seriousness of the allegation, Linaburg should be required to provide all parties and the Court with evidence supporting his allegations that Kane and Plaintiff US Foods, Inc. (hereinafter "US Foods") engaged in a "conspiracy."

### STATEMENT OF THE FACTS

Defendants Kane and Linaburg were both members of 5171 Campbells Land Co., Inc. (hereinafter "Campbells"), a company which is currently in bankruptcy. Linaburg referred to

himself as Vice President of Campbells and held himself out as having a sixty percent (60%) ownership interest in Campbells. Linaburg was responsible for the management of Campbells. Moreover, Linaburg and his employee John Hischar were solely responsible for the day-to-day accounting functions of Campbells.

Campbells entered into an Agreement with US Foods in January of 2018. Kane and Linaburg both executed a Guaranty in accordance with said Agreement, agreeing to be personal guarantors for any amount that may be owed to US Foods. At the time of the execution of the Agreement and the Guaranty, and through December of 2018, Linaburg continued to be solely responsible for the accounting and management of Campbells. Linaburg and his employee John Hischar were the primary representatives of Campbells that ordered from US Foods and paid the resulting invoices.

On December 13, 2018, Linaburg resigned from Campbells, and Kane took over the accounting and management of Campbells. At that time, Kane learned that Linaburg had allowed Campbells to incur over $600,000 owed to US Foods and that Linaburg had overdrawn Campbells' accounts by over $500,000.

US Foods filed suit against Kane and Linaburg, seeking $600,512.14 in damages for alleged unpaid invoices. Kane disputes the amount alleged to be owed, and seeks an accounting. Linaburg subsequently filed an Answer with Affirmative Defenses to US Foods' Complaint and a Crossclaim against Kane. Kane now files this Motion to Strike to respectfully request that this Honorable Court strike certain Affirmative Defenses alleged by Linaburg.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To prevail on a motion to strike, the movant must clearly show that the challenged matter "has no

bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Even though motions to strike are generally disfavored, they serve a useful purpose of eliminating insufficient defenses and saving the time and expenses which would otherwise be spent in litigating issues that would not affect the outcome of the case. *See*, *U.S. v. Marisol*, 725 F. Supp. 833, 836 (M.D. Pa. 1989). In a motion to dismiss context, the Court may take into consideration exhibits attached to a complaint, matters of public record, items subject to judicial notice, documents relied upon by a plaintiff in the complaint, and undisputed authentic records; however, it must not consider other records that are outside of the pleadings without converting the motion to one for summary judgment. *See*, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## ARGUMENT

A motion to strike will be granted if the averments contain "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f). An allegation is "impertinent" or "immaterial" when it is neither responsive, relevant, or necessary to the issues in question. *See*, *Zaloga v.Provident Life and Accident Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009); *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991); *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991).  An allegation is "scandalous" when it unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. *See e.g.*, *Khalid Bin Talal v. E.F. Hutton & Co.*, 720 F. Supp. 671, 686 (N.D. Ill. 1989); *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004).

Pleadings containing unnecessary allegations, conclusions, or evidence beyond a "short and plain statement" of the grounds for relief may be challenged by a motion to strike as impertinent. *See e.g.*, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Giuliana v.*

*Everything Yogurt, Inc.*, 819 F. Supp. 240 246 (E.D.N.Y. 1993). Additionally, the legal insufficiency of a defense is properly challenged by a motion to strike. *See e.g.*, *EEOC v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980); F.R.C.P. 12(f). "An affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC Co. v. Calmare Therepeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). Allegations will also be stricken when they are "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration" and "prejudicial to the movant." *NOW, Inc. v. Scheidler*, 897 F. Supp. 1047, 1087 n.28 (N.D. Ill. 1995). *See also*, *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)(finding that allegations may be stricken if they bear no relation to the controversy or may cause the objecting party prejudice).

Numerous paragraphs of Linaburg's Affirmative Defenses solely make allegations against Kane, while others allege that Kane and US Foods were involved in a "conspiracy" and a "scheme." These allegations provide nothing regarding Linaburg's relationship with US Foods or his liability on the Guaranty. Said allegations are not only unrelated to Plaintiff's claims and an insufficient defense of Linaburg's liability, but they are also impertinent, immaterial, scandalous, and extremely prejudicial to Kane. Accordingly, these allegations must be stricken from Linaburg's Affirmative Defenses.

**I. Allegations of company ownership must be stricken.**

Linaburg's Affirmative Defenses contain several paragraphs related to his investments and ownership interest in Campbells, all of which are entirely unrelated and immaterial to the claim made against Linaburg by US Foods and his defense thereto.

> "Dr. Linaburg, as the sole investor and source of capital contributions to Campbells, has lost several million dollars as the result of the bankruptcy of Campells." *See*, Affirmative Defenses Paragraph 49.

> "In additional, Dr. Linaburg served as the principal guarantor for most of the debt accumulated by Campbells, exposing him to over ten million dollars in potential liability." *See*, Affirmative Defenses Paragraph 50.
>
> "While Dr. Linaburg served as the sole investor and source of capital for Cambells and was represented to vendors (including Plaintiff) as a "Principal," officer, partner, or controlling owner of Campbells, Dr. Linaburg did not in fact possess any ownership stake in the company." *See*, Affirmative Defenses Paragraph 51.
>
> "Instead, a limited partnership controlled by Dr. Linaburg was given a 6% ownership interest in Campbells, with William Kane exercising effective ownership and control of 94% of the company's stock." *See*, Affirmative Defenses Paragraph 52.

Ownership and control of Campbells' stock is entirely irrelevant and immaterial to Linaburg's liability on the Guaranty. US Foods' Complaint alleges that Defendants are liable for the alleged damages due to the fact that they signed the Guaranty. The Guaranty is the basis for Linaburg's liability, which he is now defending against, and the ownership interest of each party is immaterial. Issues of investment and ownership is in no way responsive or necessary to the issue in question. Additionally, litigating ownership interest of Campbells will not affect the outcome of Defendants' liability to US Foods as personal guarantors.

**II. Allegations of Kane's actions must be stricken.**

The allegations in many of Linaburg's Affirmative Defenses are phrased as Kane's actions, rather than as Plaintiff's actions. For example:

> "Through systemic and repeated fraud, misrepresentation, obfuscation, and oppression, William Kane was able to deprive Dr. Linaburg of any meaningful ownership or control over Campells." *See*, Affirmative Defenses Paragraph 53.
>
> "Instead, Kane ran Campbells as his personal piggy bank and fiefdom, giving lucrative salaries to his family and friends despite them performing little or no work for the company." *See*, Affirmative Defenses Paragraph 54.
>
> "Kane also sucked cash out of Campbells through a number of schemes intended to defraud creditors, the United States government, and Dr. Linaburg." *See*, Affirmative Defenses Paragraph 55.

> "From the time Campbells submitted the Agreement to present, Kane routinely ordered food items and services from Plaintiff which were not approved by PMC." *See*, Affirmative Defenses Paragraph 63.
>
> "Upon information and belief, Kane made payments to employees of Plaintiff in cash with the understanding and intention that these payments would be retained, in whole or part, by those employees as a bribe or kickback." *See*, Affirmative Defenses Paragraph 69.

Kane's alleged actions are also unrelated to Plaintiff's claims that Linaburg is liable for the alleged damages due to the Guaranty. If Linaburg had issues with Kane's actions, not only could he have brought suit against Kane, but he had a fiduciary duty to do so. Linaburg's failure to do so does not now mean that his allegations against Kane have any merit or relation to his liability to US Foods. Further, allegations of Kane's wrongdoings are scandalous and impertinent material as a defense to Linaburg's liability to US Foods. The statements and implications made in relation to Kane cast Kane in a poor light, are prejudicial toward him, and do not defend against Linaburg's liability to US Foods. Accordingly, they should be stricken from Linaburg's Affirmative Defenses. US Foods' Complaint alleges that Linaburg is liable for the alleged damages due to the fact that he signed the Guaranty. The Guaranty is the basis for Linaburg's liability, and the actions of Kane are immaterial. While these allegations may be the basis for claims against Kane, although Kane contends that no such claim may be made because the allegations are untrue and unfounded, they certainly have no place as an affirmative defense against Linaburg's liability to US Foods on the Guaranty.

**III. Allegations of fraud must be stricken.**

Moreover, several paragraphs of Linaburg's Affirmative Defenses make conclusory statements of "Kane's fraud":

> "Through systemic and repeated fraud, misrepresentation, obfuscation, and oppression, William Kane was able to deprive Dr. Linaburg of any meaningful ownership or control over Campells." *See*, Affirmative Defenses Paragraph 53.

> "…[T]he guaranty relied upon by Plaintiffs to assert personal liability against Dr. Linaburg was procured from Dr. Linaburg through fraud on the part of William Kane, and such fraud was known or should have been known to Plaintiff at the time of the delivery of the guaranty." *See*, Affirmative Defenses Paragraph 82.
>
> "…Plaintiff became aware of William Kane's fraud against Dr. Linaburg during the performance of the Agreement, and failed to take appropriate action to alert Dr. Linaburg to the fraud or otherwise provide Dr. Linaburg the opportunity to mitigate his damages." *See*, Affirmative Defenses Paragraph 83.

Notwithstanding the fact that Kane denies any and all allegations of fraud on his part, the mention of "Kane's fraud" should be stricken from Linaburg's Affirmative Defenses. Said mentions are immaterial and scandalous. Linaburg could have claimed that the guaranty was procured by fraud of a third party.[1] While a party responding to a pleading must affirmatively state a fraud affirmative defense pursuant to Federal Rule of Civil Procedure 8(c), Linaburg's mention of Kane is impertinent to any fraud defense it may have against US Foods. The mention of Kane, and conclusory allegations that are entirely unsupported by fact, do nothing but prejudice Kane and unnecessarily reflect on his moral character.

Further, the conclusion of fraud is made without setting out any factual basis. Alleging fraud without specificity of facts to support such a claim fails to conform to the pleading requirements. Federal Rule of Civil Procedure 9(b) specifically states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Additionally, Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). In responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." F.R.C.P. 8(b). Accordingly, the pleading requirement of including some factual basis apply equally to affirmative defenses. *See*, *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010)("Short and plain" statement requirement is essence of pleading standard, and applies

---

[1] Kane denies that the Guaranty was procured from Dr. Linaburg through fraud on the part of himself or any other third party, and nothing in this argument should be construed as a waiver of that denial.

to both claims and defenses, so "pleading requirements for affirmative defenses are the same as for claims of relief"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)(Pleading requirements for affirmative defenses are the same as for claims for relief, so some valid factual basis for its assertion must be included). The lack of factual basis allows for the defenses to be stricken. *See e.g.*, *Oarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-1050 (N.D. Cal. 2004) (striking affirmative defenses of waiver, estoppel, and unclean hands as insufficient when defendant's pleadings merely referred to those doctrines without setting out factual basis for defenses). *See also*, *Salahuddin v. Cuomo*, 861 F. 2d 40, 42 (2d Cir. 1988) (holding that the lower court was within bounds of discretion to strike or dismiss a complaint for noncompliance with F.R.C.P. 8). Linaburg does not offer facts of how or when the guaranty was allegedly procured from Linaburg through fraud on the part of William Kane, or what that fraud entailed. In fact, Linaburg offers little facts at all relating to the alleged fraud, and merely makes overly broad and conclusive allegations. By not pleading the allegations or fraud with particularity or including any factual basis for such allegations, Linaburg's Affirmative Defenses are improperly pled.

**IV. Allegations of a "conspiracy" or "scheme" must be stricken.**

Finally, Linaburg's Affirmative Defenses include scandalous and libelous allegations that Kane and US Foods engaged in a "conspiracy" or "scheme". As an example of some of these allegations:

> "Kane also sucked cash out of Campbells through a number of schemes intended to defraud creditors, the United States government, and Dr. Linaburg." *See*, Affirmative Defenses Paragraph 55.

> "Plaintiff was a participant in certain of those schemes, whether in a knowing or innocent capacity." *See*, Affirmative Defenses Paragraph 56.

> "Upon information and belief and at all material times, Plaintiff knew that certain food items and services ordered by Kane had not been, and would not be, approved by PMC." *See*, Affirmative Defenses Paragraph 64.

> "Each time Kane would order food items and services that were not approved by PMC, Plaintiff would deliver to Campbells such food items and services knowing that such had not been, and would not be, approved by PMC. Upon information and belief, such deliveries occurred in connection with the deliveries of PMC-approved food items and services." *See*, Affirmative Defenses Paragraph 65.
>
> "Upon information and belief, the non-PMC-approved food items ordered by Kane and provided by Plaintiff were often sold "under the table" to generate cash that was delivered to Kane for his personal use, or those food items were used by Kane and his personal associates as their personal property." *See*, Affirmative Defenses Paragraph 67.
>
> "Upon information and belief, Kane conspired with as-yet-unknown employees of Plaintiff to facilitate this scheme." *See*, Affirmative Defenses Paragraph 68.
>
> "Upon information and belief, Kane made payments to employees of Plaintiff in cash with the understanding and intention that these payments would be retained, in whole or part, by those employees as a bribe or kickback." *See*, Affirmative Defenses Paragraph 69.
>
> "Upon information and belief, it was through these schemes that Kane induced Plaintiff to continue to deliver unapproved food items despite repeated notices from PMC." *See*, Affirmative Defenses Paragraph 70.
>
> "At the same time, upon information and belief, Plaintiff was aware of numerous violations by Kane of violations of the conditions of Campbells' franchise license with PMC, including but not limited to Kane's ordering of foot [SIC] items and services which were not approved by PMC." *See*, Affirmative Defenses Paragraph 73.
>
> "Plaintiff's participation in the schemes described herein, . . ., constitutes a material breach of its obligations which relieves Dr. Linaburg of any obligation of performance under the Guaranty." *See*, Affirmative Defenses Paragraph 79.

In making these conclusive, broad, and serious allegations, Linaburg does not provide any fact or evidence to support his "information and belief." The allegations of a conspiracy or scheme are scandalous in nature as they unnecessarily reflect on the moral character of Kane. Again, if these allegations were true, which Kane strictly denies, then Linaburg took no action to prevent said actions during his time managing Campbells. Including such libelous allegations now, and accusing Plaintiff and Kane of serious acts without any underlying facts, severely prejudices

Kane. These allegations should be stricken as scandalous, prejudicial matter. In the alternative, due to the fact that Linaburg's allegations are so serious, he should be required to provide to the Court some underlying support and factual basis for said allegations. Linaburg should be required to establish a reasonable basis for pleading these allegations.

## **CONCLUSION**

For the foregoing reasons, Paragraphs 49 through 84 of Defendant Linaburg's Affirmative Defenses should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

    Respectfully submitted,

    __/s/ Dennis M. Blackwell___
Dennis M. Blackwell
PA I.D. #61040
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
(412) 391-5299

and

Robert O Lampl
PA I.D. #19809
James R. Cooney
PA I.D. #32706
David L. Fuchs
PA I.D. # 205694
Ryan J. Cooney
PA I.D. #319213
Sy O. Lampl
PA I.D. #324741
Benedum Trees Building, Floor 4
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

*Counsel for Defendant, William T. Kane*
*a/k/a Bill. T. Kane*

# CERTIFICATE OF SERVICE

I, Dennis M. Blackwell, hereby certify that on the 6th day of November, 2019, a true and correct copy of the within **MOTION TO STRIKE** was served via the Court's CM/ECF System and U.S. Mail upon the following:

Gretchen E. Moore, Esq.
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Maria Zoee Vathis, Esq.
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
*Counsel for Plaintiff*

Michael P. Oliverio, Esq.
The Lynch Law Group
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
*Counsel for Defendant Linaburg*

Respectfully submitted,

  /s/ Dennis M. Blackwell
Dennis M. Blackwell
PA I.D. #61040