IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US FOODS, INC., | CIVIL ACTION |
| Plaintiff, | Case No. 2:19-cv-946-JFC |
| v. | |
| WILLIAM T. KANE a/k/a BILL T. KANE, an individual, and RONALD G. LINABURG, D.D.S, an individual, | |
| Defendants. | |
| **JURY TRIAL DEMANDED.** | |

**DEFENDANT LINABURG'S BRIEF IN SUPPORT OF
MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL**

AND NOW, comes Defendant, Ronald G. Linaburg, D.M.D.,[1] by and through his attorneys, Michael P. Oliverio, Esq., John J. Heurich, Jr., Esq. and The Lynch Law Group, LLC, and hereby files this Brief in Support of Motion to Disqualify Defendant Kane's Counsel, and in support thereof, avers as follows:

I. Background Facts

This action arises by way of an alleged breach of guaranty asserted by US Foods in which it seeks to recover amounts allegedly due and owing from certain alleged guarantors—Dr. Linaburg and Kane.

At all material times, Dr. Linaburg and Kane were, and remain, shareholders in an entity known as 5171 Campbells Land Co., Inc. ("5171 Campbells" of "Company"), which operated a chain of 26 Perkins franchise restaurants. Dr. Linaburg's involvement with 5171 Campbells began

---

[1] The caption of the instant action improperly reflects that Dr. Linaburg holds a D.D.S. degree, rather, Dr. Linaburg holds a D.M.D. degree.

1

in 2012, when he was approached by Kane and his business partner, Robert Dauer. Since that time there have been questions regarding the precise ownership interest owned by Kane and Dr. Linaburg in the 5171 Campbells.

In fact, although Dr. Linaburg made substantial financial contributions to 5171 Campbells since 2012, it was not until 2016 that any ownership interest was given to Dr. Linaburg. On or about June 10, 2016, Dr. Linaburg, through L-Four, L.P. ("L4"), and entity Dr. Linaburg managed, was issued a 6% ownership interest in 5171 Campbells. *See* Consent Agreement attached as Exhibit A. Despite the issuance of such ownership interest, Kane recently testified in the 5171 Campbells bankruptcy action (pending in the Western District at docket number 2:19-bk-22715-CMB) that Kane was the 100% owner of 5171 Campbells as reflected on the Company's federal tax returns for the 2015, 2016 and 2017 years. *See* Kane's Dep. Tr., attached hereto as Exhibit B, at pp. 16-22 & 26-28. Kane further testified that Dr. Linaburg only wanted to be a 5% owner of 5171 Campbells. Ex B, at p. 64.

In addition to Kane and Dr. Linaburg, Krissy Kochis is a 14% shareholder and Tim Weaver is a 40% shareholder in 5171 Campbells. Exs. A & B, at pp. 89 & 91-92. Kane further testified that Tim did not contribute anything other than some expenses for his 40% share, that Krissy contributed only restaurant experience and some services to put together the initial franchise application, whereas that Dr. Linaburg and L4 made financial contributions for L4's 6% share. Ex. B, pp. 89-93. While Dr. Linaburg certainly agrees with Kane's contention that he and/or L4 should own a greater percentage of the Company based on Dr. Linaburg's substantial contributions, it is only now that Kane is recognizing that Dr. Linaburg had substantial, and potentially majority control of 5171 Campbells. *See* Kane's Ans. (Doc. 20) at ¶¶ 52-53. Until

now, Kane has continued to assert that he was a substantial, if not majority owner, and that Dr. Linaburg only owned 6%. Exs. A & B.

At various times, and in various actions, Robert O. Lampl, James R. Cooney, David L. Fuchs, Ryan J. Cooney, Sy O. Lampl and the Law Offices of Robert O. Lampl (collectively, the "Lampl Firm") have represented both Kane and 5171 Campbells. In fact, in addition to the instant action, the Lampl Firm is representing or has represented Kane and/or 5171 Campbells in the following actions in both state and federal court:

    a. a pending breach of employment and equity contract action in the Court of Common Pleas of Allegheny County, Pennsylvania captioned *Steven Maglin v. 5171 Campbells Land Co., LLC, William T. Kane, Tyler Mann, Krissy Kochis and Ronald G. Linaburg* and docketed at No. GD 18-4336 (representing Kane, Tyler Mann and Krissy Kochis);

    b. three pending confession of judgment actions in the Court of Common Pleas of Allegheny County, Pennsylvania, all three of which are captioned *L-Four, L.P. Successor in Interest to 5171 CRR Associates, LLC v. 5171 Campbells Land Co., Inc., William T. Kane and Simon Cote* and docketed at GD 19-2820, GD 19-2821 and GD 19-2822 (representing both the Company and Kane);

    c. a pending mandamus action for access to corporate books and records 5171 Campbells, one of the several purposes of which is to resolve the dispute regarding ownership and control of the Company, in the Court of Common Pleas of Allegheny County, Pennsylvania, which is captioned *L-Four, L.P., and Ronald G. Linaburg, D.M.D. v. 5171 Campbells Land Co., Inc.; 5171 Campbells Land Co., LLC; William T. Kane, and Robert E. Dauer, Jr.* and docketed at GD 19-2405 (representing all defendants);

    d. a pending federal action in this district instituted by Store Capital and which is captioned *Store Capital Acquisitions, LLC and Store Master Funding XIII, LLC v. 5171 Campbells Land Co., Inc., William Kane, Frank Kane and Ron Linaburg* and docketed at 2:19-cv-685-WSS (representing both the Company and William Kane); and

    e. a pending bankruptcy matter in this district captioned *In re 5171 Campbells Land Co., Inc.* and docketed at 2:19-bk-22715-CMB (representing the Company).

Through the Lampl Firm's representation of Kane and/or 5171 Campbells in the above-referenced matters, the Lampl Firm has no doubt come into confidential information, and shared confidential communications with both Kane and the Company. Moreover, based on Kane's

assertions that he is the President and a substantial, if not majority, shareholder of the Company, the Lampl Firm has been taking direction of 5171 Campbells' affairs solely from Kane.

II. Argument

Federal courts have the inherent power to supervise the conduct of attorneys practicing before them. *See In re Pittsburgh Corning Corp.,* 308 B.R. 716, 731 (W.D.Pa.2004) (*citing In re Corn Derivatives Antitrust Litig.* 748 F.2d 157, 160 (3d Cir.1984)). The Western District has explicitly adopted the Pennsylvania Rules of Professional Conduct setting standards for the ethical conduct of attorneys admitted to practice in the District. LR 83.3.1(B); *Greenwood Land Co. v. Omnicare, Inc.*, 2009 WL 2595652, at *5–8 (W.D. Pa. 2009). Counsel will be disqualified from further representation of a client when such continued representation is impermissible under the Pennsylvania Rules of Professional Conduct. *Buschmeier v. G & G Invs., Inc.*, 2007 WL 4150408 (W.D. Pa. 2007).

> Rule 1.7 of the Pennsylvania Rules of Professional Conduct provide, in relevant part, that:
>
>> … a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>>
>>> (1) the representation of one client will be directly adverse to another client; or
>>>
>>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Pa. R.P.C. 1.7(a).

Direct adversity arises where there is a significant risk that a lawyer's action on behalf of one client will materially limit the lawyer's effectiveness in representing another client in a different case. *Bosh v. Renco Grp., Inc.*, 2016 WL 3633079, at *5–6 (W.D. Pa. 2016). In ruling

4

on direct adversity, the relevant factors are: "where the cases are pending, whether the issue is substantive or procedural, the temporal relationship between the matters, the significance of the issue to the immediate and long-term interests of the clients involved and the clients' reasonable expectations in retaining the lawyer." *Id.*

According to Comment 6, "absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated." Pa. R.P.C. 1.7, cmt 6. Some conflicts, however, are so irreconcilable that a client cannot agree to waive them and disqualification is proper regardless of consent. *Kaiser v. Stewart*, 1997 WL 186329, at *2 (E.D. Pa. 1997). The line is crossed when it is unreasonable for an attorney to believe that representation of one of the clients will not be adversely affected. *Capriotty v. Bell*, 1991 WL 22134, at *2 (E.D. Pa. 1991). When it appears to the court that the attorney will not be able to represent all the clients adequately, "or if the court believes no waiver may cure the damage to the integrity of the judicial process that such joint representation will cause," disqualification is proper even in the face of a valid client consent. *Kaiser*, *supra*, at *3. Instantly, each of the relevant factors point to a directly adverse relationship between Kane and 5171 Campbells. All of the cases in which the Lampl Firm has represented Kane and/or 5171 Campbells are located in the state and federal courts sitting in Allegheny County—each of the state actions are located in the Allegheny County Court of Common Pleas, and the federal actions are all in this District's Pittsburgh courthouse.

Additionally, the issues giving rise to the conflict are substantive rather than procedural and greatly impair the short and long term interests of Kane and 5171 Campbells. One main issue regards an ownership dispute pertaining to which of two shareholders owns a majority interest in a corporation. Both Kane and Dr. Linaburg assert competing claims to the majority interest and

control of the Company—with Kane only very recently recognizing that Dr. Linaburg made substantial capital contributions and may be a 60% owner.

Further, there are additional issues giving rise to this dispute including potential and actual claims against insiders. In this very litigation, Dr. Linaburg has pleaded through his crossclaim, that Kane acted fraudulently in placing various food orders with Plaintiff. Such claims necessarily afford 5171 Campbells causes of action to proceed against Kane, which would pit both Kane and 5171 Campbells on opposite sides of litigation. This is a classic version of an unwaivable conflict. And the potential for these claims, as well as the ownership dispute, compromises the independence of the Lampl Firm in its representation of Kane and 5171 Campbells.

Naturally, the dispute over the ownership of 5171 Campbells and the potential claims regarding insiders significantly affect both the immediate and long-term interests of Kane and 5171 Campbells. Indeed, through representing both 5171 Campbells and Kane, the Lampl Firm has obtained confidential information of its clients, which is relevant to the instant matters and issues giving rise to the dispute. To the extent that the Lampl Firm continues to represent Kane in this matter, the firm would be consistently poised on the verge of violating Rule 1.6[2] regarding safeguarding of client confidential information.

In addition, Dr. Linaburg, as a shareholder of 5171 Campbells, would be required to waive any conflict after disclosure thereof to him. At no time since the commencement of this action has Dr. Linaburg provided such a waiver to the Lampl Firm. In fact, shortly after 5171 Campbells filed its Chapter 11 Bankruptcy Petition, the Lampl Firm advised undersigned counsel several

---

[2] Requiring that "a lawyer shall not reveal information relating to representation of a client…"
Pa. R.P.C. 1.6(a)

6

times that it would not undertake any future representation and would cease all current representation of Kane in an individual capacity.

In addition, Rule 1.7 (a)(2) forbids an attorney from representing a client, where there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to a *third person*. Underlying this litigation, as well as the numerous related cases pending in this District and the Court of Common Pleas are Dr. Linaburg's claims of fraud against Kane, in his capacity as an officer and principal of 5171 Campbells. These claims afford Dr. Linaburg causes of action to proceed against both 5171 Campbells and Kane. The Lampl Firm is further unable to adequately represent both Kane and 5171 as it is materially limited by its duty to the shareholders of the company, which includes Dr. Linaburg. This situation is exactly the kind of unwaivable conflict contemplated by the Rules of Professional Conduct. *Kaiser* 1997 WL 186329, at *2, *citing Figueroa-Olmo v. Westinghouse Electric Corp.,* 616 F. Supp. 1445, 1451 (D.P.R. 1985).

As such, the continued representation of Kane by the Lampl Firm violates Rule 1.7 and constitutes a breach of ethics. Consequently, this Court should disqualify and remove the Lampl Firm from any further representation of Kane in this matter.

It also bears mentioning that the Lampl Firm cannot escape this conflict by dropping 5171 Campbells or by ceasing representation of Kane. Under the "hot potato" doctrine, a lawyer "may not drop one client like a 'hot potato' in order to avoid a conflict with another, more remunerative client." *International Longshoremen's Ass'n, Local Union 1332 v. International Longshoremen's Ass'n,* 909 F.Supp. 287, 293 (E.D.Pa.1995). *See also Pyle v. Meritor Savings Bank,* 1993 WL 483196, at *2 n. 2 (E.D.Pa. Nov.23, 1993) (law firm may not undertake representation of two

potentially adverse clients and then, when a conflict arises, choose between the clients). As such, the Lampl Firm would still be conflicted out of this matter.

Finally, disqualification of the Lampl Firm will not prejudice Kane, as he is already represented by Dennis Blackwell who has already entered his appearance on the docket.

III. Conclusion

For these reasons, the Lampl Firm's continued representation of Kane constitutes a breach of ethics, and this Court should disqualify and remove the Lampl Firm.

Date: November 14, 2019

Respectfully submitted,

THE LYNCH LAW GROUP, LLC

/s/ *Michael P. Oliverio*
Michael P. Oliverio, Esq.
PA ID No. 209399
John J. Heurich, Jr., Esq.
PA ID No. 317155
501 Smith Dr., Suite 3
Cranberry Township, PA 16066
moliverio@lynchlaw-group.com
jheurich@lynchylaw-group.com
(724) 776-8000
Counsel for Defendant, Ronald G. Linaburg, D.M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of November 2019, a true and correct copy of the foregoing **DEFENDANT LINABURG'S BRIEF IN SUPPORT OF MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL** was served upon the following via the Court's CM/ECF System:

Gretchen E. Moore, Esq.
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Maria Zoee Vathis, Esq.
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
*Counsel for Plaintiff*

Dennis M. Blackwell, Esq.
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
*Counsel for Defendant William T. Kane a/k/a Bill T. Kane*

Robert O. Lampl, Esq.
Ryan J. Cooney, Esq.
Law Offices of Robert O. Lampl
Benedum Trees Building, Floor 4
223 Fourth Avenue
Pittsburgh, PA 15222
*Counsel for Defendant William T. Kane a/k/a Bill T. Kane*

/s/ *Michael P. Oliverio*
Michael P. Oliverio, Esq