**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **US FOODS, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** | **Case No. 2:19-cv-00946-JFC** |
| **vs.** | |
| **WILLIAM T. KANE a/k/a BILL T. KANE,**<br>**an individual, and RONALD G. LINABURG,**<br>**D.D.S., an individual,** | |
| **Defendants.** | |

## BRIEF IN OPPOSITION TO MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL

AND NOW, comes Defendant, William T. Kane, by and through his undersigned counsel, Robert O Lampl, Ryan J. Cooney and Dennis M. Blackwell and hereby files this Brief in Opposition to Motion to Disqualify Defendant Kane's Counsel as follows:

### I. Background:

This action arises out of a debt owed to Plaintiff, US Foods, Inc. ("US Foods" or "Plaintiff") by 5171 Campbells Land Co., Inc., (5171) for multiple food purchases that 5171 made from US Foods, Inc. during its short run as an operator of twenty-seven (27) Perkins' restaurants. 5171 is currently the Debtor in a bankruptcy case pending in this district at 19-22715-CMB (the "Bankruptcy Case"). Plaintiff has sought payment from 5171 for the same alleged debt in the Bankruptcy Case. Defendants Kane and Linaburg are shareholders of 5171 and are alleged guarantors of the debt that 5171 owes to US Foods.

**The Lampl Firm's Prior Representation of Kane and 5171**

The undersigned has represented both 5171 and Defendant Kane in a number of actions arising out of 5171's former business operations. These actions are identified in Linaburg's Motion. Importantly, these actions and the Lampl Firm's representation of both Kane and 5171 in these actions were also disclosed by the Lampl Firm in the Bankruptcy Case. Specifically, they were identified in a Verification provided by Robert O Lampl, which was submitted in conjunction with the Lampl Firm's Application to Employ Robert O Lampl (and the Lampl Firm) as counsel for 5171 in the Bankruptcy Case. The Application to Employ the Lampl Firm and the Verification were filed in the Bankruptcy Case on July 10, 2019. *See, Exhibit A to Response to Motion to Disqualify Kane's Counsel.* The Verification provides:

> Prior to the within Bankruptcy filing, I represented the Debtor [5171] in the following actions:
>
> 1.      In an action brought by Steven Maglin in the Allegheny County Court of Common Pleas at GD-18-004336. I also represented two shareholders of the Debtor in this action – William T. Kane and Krissy Kochis.
>
> 2.      In an action brought by Marc Group, LLC in the Allegheny County Court of Common Pleas at GD-19-002487. I also represented William T. Kane in this matter.
>
> 3.      In three (3) consolidated actions brought by L-Four, L.P. in the Allegheny County Court of Common Pleas at GD-19-002820, GD-19-002821 and GD-19-002822. I also represented William T. Kane in this matter.

4.      In an action brought by L-Four, L.P. and Ronald Linaburg, D.M.D in the Allegheny County Court of Common Pleas at GD-19-002405. I also represented William T. Kane and Robert E. Dauer, Corporate Counsel to the Debtor, in this matter.

5.      In an action filed by Store Capital Acquisitions, LLC and Store Master Funding XIII, LLC in the United States District Court for the Western District of Pennsylvania at No. 2:19-cv-00685-PJP. I also represented William T. Kane in this matter.

Further, prior to the within bankruptcy filing, I represented William T. Kane in the following actions not involving the Debtor:

1.      In an action filed by Peter D. Kaplan, M.D in the Allegheny County Court of Common Pleas at Docket No. 18-015044.

2.      In an action filed by Michael Schumacher in the Allegheny County Court of Common Pleas at Docket GD-18-01545.

3.      In an appeal filed by Peter D. Kaplan, M.D. in the Superior Court of Pennsylvania at Docket No. 177 WDA 2019.

Except as set forth above, neither Robert O Lampl, nor anyone in his law firm has any connection with any creditor or any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.  This Verification is made under penalty of perjury.

Date:  July 10, 2019                    /s/  Robert O Lampl
                                        ROBERT O LAMPL

The purpose of the Verification was to allow interested parties, including the Court and the United States Trustee, to thoroughly evaluate the Lampl Firm's status for any conceivable conflict or other disqualifying factors under 11 U.S.C. § 327(a). See, *In re Southern Kitchens Inc.*, 216 B.R. 819, 829 (Bankr. D. Minn. 1998).

Upon the Lampl Firm's filing of the Application to Employ in the Bankruptcy Case, an objection and response deadline was established. Notably, Linaburg did not object to or file any response to the Application to Employ. In fact, and despite 5171 having in excess of 200 creditors who received a copy of the Application to Employ, only 2 objections to the Application to Employ were filed. The first one came from Peter Kaplan and was completely unrelated to the Lampl Firm's representation of Kane and 5171. The second one came from the United States Trustee and was mainly based on an unrelated issue (whether the Lampl Firm received a pre-petition preference payment from 5171). However the Trustee's objection did make the following secondary argument:

> "At a minimum, there is presently insufficient information of record to make a determination that the proposed professionals do not represent an interest adverse to the estate and are disinterested within the meaning of the statute."

Notwithstanding this secondary argument, after the Lampl Firm resolved the pre-petition preference issue and provided the United States Trustee with further information regarding its prior representation of Kane and 5171, the United States Trustee withdrew its objection in full and the bankruptcy court entered an Order approving the Lampl Firm as Counsel for the 5171 in the Bankruptcy Case. *See Exhibit C to Response to Motion to Disqualify Kane's Counsel*.

Thus, the same alleged conflict raised herein was already thoroughly investigated in the Bankruptcy Case and ruled on by the Bankruptcy Court in favor of the Lampl Firm.

The Bankruptcy Court's Order conclusively establishes that the Lampl Firm does not have a conflict as raised herein. Additionally, Linaburg had an opportunity to object to the Lampl Firm's role as Counsel to 5171 in the Bankruptcy Case based on the same "conflict" issue raised herein but failed to take any action. Linaburg's inaction clearly reveals that the within Motion is nothing more than a litigation tactic.

## II. Argument:

### 1. Linaburg's Motion is barred by Doctrine of Collateral Estoppel

"Collateral Estoppel is appropriate where: (1) the issue decided in the prior action was identical with the one presented in the later action; (2) there was a final judgement on the merits; (3) the party against whom the plea is asserted was a party or in privity to a party to the prior adjudication; and (4) the party against whom the plea is asserted had had a full and fair opportunity to litigate the issue in question in a prior action." *Kroen v. Bedway Sec. Agency*, 633 A.2d 628 (Pa. Super. 1993) *quoting Safeguard Mutual Ins. Co. v. Williams*, 345 A.2d 664, 688 (1975).

Here, whether or not the Lampl Firm has a conflict arising out of prior representation of Kane and 5171 was decided in the Bankruptcy Case. In fact, all of the actions identified by Linaburg on page 2 of his instant Motion in support of the alleged conflict were disclosed in the Verification of Robert O Lampl in support of the Lampl Firm's Application to Employ in the Bankruptcy Case. Pursuant to 11 U.S.C. § 327 (a) and 11 U.S.C. § 101 (14), the Lampl Firm could not have been approved as counsel for 5171 if it had:

> "an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason."

There was also a final judgment in the Bankruptcy Case as the Bankruptcy Court entered an Order on October 4, 2019, approving the Lampl Firm as Counsel to 5171. *See, Exhibit C to Response to Motion to Disqualify Kane's Counsel*. Additionally, Linaburg was a party to the Bankruptcy Case as a shareholder of 5171. In fact, Linaburg's entity, L-Four, LP served on the Official Committee of Unsecured Creditors.

Finally, Linaburg was served with the Application to Employ in the Bankruptcy Case and failed to raise a response to or objection. *See, Exhibit B to Response to Motion to Disqualify Kane's Counsel*.

As a result, the within Motion is barred by the doctrine of collateral estoppel.

## 2. Linaburg has not established a Concurrent Conflict of Interest

Assuming arguendo that the within Motion is not barred by the doctrine of collateral estoppel, Linaburg has not established a concurrent conflict of interest under Rule 1.7 of the Pennsylvania Rules of Professional Conduct. To that end, Linaburg has failed to demonstrate how the Lampl Firm's representation of Kane in the within action (a collection suit arising out of a commercial guaranty where 5171 is not a party) is somehow going to be "directly adverse" to its representation of 5171, or will somehow materially limit its effectiveness in representing 5171. In support of this contention, Linaburg appears to makes three (3) arguments: (1) Linaburg and Kane are involved in an ownership dispute pertaining to 5171; (2) 5171 may have causes of action against Kane; and (3) that the Lampl Firm owes responsibilities to Linaburg as shareholder of 5171. Kane will now address these arguments in order.

## 2A. the Alleged Ownership Dispute

On page 5 of his Brief, Linaburg states:

> "One main issue regards an ownership pertaining to which of two shareholder owns a majority interest in a corporation. Both Kane and Dr. Linaburg assert competing claims to the majority interest and control of the Company – with Kane only very recently recognizing that Dr. Linaburg made substantial capital contributions and may be a 60% owner."

Putting aside whether or not there actually is an ownership dispute, Linaburg offers no analysis for how this alleged ownership dispute would somehow disqualify the Lampl firm. Moreover, despite these allegations and the numerous other actions involving the parties, including the Bankruptcy Case, Linaburg has not set forth a claim or cause of action in any forum regarding this alleged ownership dispute.

Per the corporate records, Linaburg is a 6% shareholder of 5171. Linaburg acknowledges the same in paragraph 52 of his Answer with Affirmative Defenses and Crossclaim. In the same pleading, Linaburg implicitly asserts that he *should* have been given a bigger share (emphasis added). *See, paragraph 102 and 103 of Linaburg's Answer, Affirmative Defenses and Crossclaim*. Defendant Kane assumes that Linaburg is relying on this implicit statement when he asserts that there is "confusion" and a "dispute" as to the percentage of ownership interests in and control of 5171

Linaburg also appears to intentionally misrepresent Kane's deposition testimony, when he asserts on page 2 of his Brief that, "Kane recently testified in the 5171 Campbells bankruptcy action that Kane was the 100% owner of 5171 Campbells…" Upon a review of the cited sections of the transcript, it's clear that Kane testified to the contrary: He was originally the 100% shareholder of 5171 and that at some point the percentage of

ownership changed to Kane, Mr. Weaver, Ms. Kochis and Dr. Linaburg. *See deposition transcript pages 15 and 28 attached as Exhibit B to Linaburg's Motion*.

Regardless of this alleged ownership dispute, Linaburg should be aware that 5171, in conjunction with the Official Committee of Unsecured Creditors, has filed a Plan of Liquidation in the Bankruptcy Case, which Plan, as of its Effective date, will extinguish *all* equity interests in 5171 (emphasis added). *See*, *Exhibit D to Response to Motion to Disqualify Kane's Counsel*. As a result of this extinguishment, any ownership dispute is simply moot.

## 2B. the Alleged Claims of 5171 against Kane

In support of this argument, Linaburg argues that he has pleaded through his crossclaim, that Kane acted fraudulently in placing various food orders with Plaintiff, and that such claims necessarily afford 5171 causes of action to proceed against Kane. *See Defendant Linaburg's Brief in Support of Motion to Disqualify Defendant Kane's Counsel at page 6.* First and foremost, as of today, these are simply unproven allegations. In fact, Kane has filed a Motion to Strike Linaburg's Affirmative Defenses with respect to these frivolous allegations and has issued a Rule 11 letter regarding the same.

Beyond that, per the Plan of Liquidation filed in the Bankruptcy Case, 5171 will transfer all of its remaining assets, including but not limited to any claims or causes of action that 5171 holds against third parties to a Creditors' Trust to be administered by a Plan Administrator. Moreover, the Plan Administrator will have the sole ability to bring claims on behalf of 5171. *See*, *Exhibit D to Response to Motion to Disqualify Kane's Counsel*. The Lampl Firm acknowledges that in the event a claim is brought on behalf of 5171 against Kane, it cannot represent Kane in such an action.

Linaburg also asserts that, "through representing both 5171 Campbells and Kane, the Lampl Firm has obtained confidential information of its clients, which is relevant to the instant matters and issues giving rise to the dispute." *See, Page 6 of Linaburg's Brief.* To determine whether a lawyer "might have acquired" confidences which could be relevant to issues in the present lawsuit, a court should consider whether: (a) the lawyer and the client ought to have talked about particular facts during the course of the representation, (b) the information is of such character that it would not have been unusual for it to have been discussed between lawyer and client during their relationship. *Brennan v. Independence Blue Cross*, 949 F. Supp. 305, 308 (E.D. Pa. 1996). Here, Linaburg completely fails to identify what confidences that the Lampl Firm could have conceivably learned from 5171 that are relevant to the issues in the present lawsuit where 5171 is not even a party. To the contrary, Linaburg's assertion is nothing more than a conclusory allegation which is insufficient to meet Linaburg's burden under his Motion to Disqualify. *See, Petition of Kenvue Dev. Inc.*, 602 A.2d 470, 476 (Pa Commw. Ct. 1992) ("[a] party seeking to disqualify opposing counsel has the burden of establishing that counsel's continued participation in the case would violate the disciplinary rules.")

## 2C. The Lampl Firm does not owe responsibilities to Linaburg

For this argument, Linaburg relies on Pennsylvania Rule of Professional Conduct 1.7 section (A)(2), which forbids representation of a client if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities …..to a *third person* or by a personal interest of the lawyer (emphasis added). Specifically, Linaburg purports to argue that the Lampl Firm's representation of Kane is going to be materially limited by the Lampl Firm's responsibilities to Linaburg.

Again, there is very little support or analysis for this conclusory allegation. While seemingly not supportive of his underlying argument, Linaburg asserts that, "Underlying this litigation, as well as the numerous related cases pending in this District and the Court of Common Pleas are Dr. Linaburg's claim of fraud against Kane, in his capacity as an officer and principal of 5171." Despite this statement, a review of the pleadings in this case and the pleadings in the "numerous related cases," reveal that Linaburg has no pending causes of action for fraud against either 5171 or Kane. In the event that Linaburg were to bring such a cause of action, and in the event that Lampl Firm were to attempt to defend 5171 or Kane in such an action, only then would it potentially make sense to evaluate this alleged conflict. However, until then, such an argument is premature.

## III. Conclusion:

Based on the foregoing, Defendant Kane respectfully requests that this Honorable Court deny Defendant Linaburg's Motion to Disqualify Defendant Kane's Counsel.

Respectfully Submitted,

*/s/ Ryan J. Cooney*
ROBERT O LAMPL
PA I.D. #19809
RYAN J. COONEY
PA I.D. #319213
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **US FOODS, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** | **Case No. 2:19-cv-00946-JFC** |
| **vs.** | |
| **WILLIAM T. KANE a/k/a BILL T. KANE,**<br>**an individual, and RONALD G. LINABURG,**<br>**D.D.S., an individual,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

Ryan J. Cooney, hereby certifies that on the 5<u>th</u> day of December, 2019, a true and correct copy of the foregoing **BRIEF IN OPPOSITION TO MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL** was served upon the following *(via First-Class U.S. Mail and/or email service)*:

Michael P. Oliverio
John J. Heurich
501 Smith Drive, Suite 3
Cranberry Twp., PA  16066
moliverio@lynchlaw-group.com
jheurich@lynchlaw-group.com

Maria Zoee Vathis
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL  60601
Maria.vathis@bclplaw.com

Brian C. Thompson
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
bthompson@thompsonattorney.com

Gretchen E. Moore
Strassburger, McKenna, Gutnick
  &  Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA  15222
gmoore@smgglaw.com