# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US FOODS, INC., | CIVIL ACTION |
| Plaintiff, | Case No. 2:19-cv-00946-JFC |
| vs. | |
| WILLIAM T. KANE a/k/a BILL T. KANE, an individual, and RONALD G. LINABURG, D.D.S., an individual, | |
| Defendants. | |

## RESPONSE TO MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL

AND NOW, comes Defendant, William T. Kane, by and through his undersigned counsel, Robert O Lampl, Ryan J. Cooney and Dennis M. Blackwell and hereby files this Response to Motion to Disqualify Defendant Kane's Counsel, and in support thereof, avers as follows:

1.  Admitted. By way of further response, the debt allegedly owed by Defendants Kane and Linaburg arises out of a series of food sales made by Plaintiff to 5171 Campbells Land Co., Inc. (5171). 5171 is currently the Debtor in a bankruptcy case pending in this district at 19-22715-CMB (the "Bankruptcy Case"). Plaintiff has sought payment from 5171 for the same alleged debt in the Bankruptcy Case.

2.  Admitted. By way of further response, Linaburg and Kane are both shareholders of 5171. Linaburg was active in the management and control of 5171 until his resignation on December 13, 2018. Additionally, all equity interests

in 5171 will soon be extinguished pursuant to a Plan of Liquidation filed in the Bankruptcy Case.

3. Denied. The ownership of 5171 is reflected in the corporate records. Per those corporate records, Linaburg is a 6% shareholder of 5171. *See, Exhibit A to Linaburg's Brief in Support of Motion to Disqualify Defendant Kane's Counsel.* Despite the foregoing, Linaburg has represented to third parties that his interest in 5171 is as substantial as 60%.

4. Denied. Per the corporate records, Linaburg is a 6% shareholder of 5171. *See Exhibit A to Linaburg's Brief in Support of Motion to Disqualify Defendant Kane's Counsel.* Linaburg acknowledges the same in paragraph 52 of his Answer with Affirmative Defenses and Crossclaim. However, in the same pleading, Linaburg implicitly asserts that he *should* have been given a bigger share (emphasis added). *See, paragraph 102 and 103 of Linaburg's Answer, Affirmative Defenses and Crossclaim*. Defendant Kane assumes that Linaburg is relying on this implicit statement when he asserts that there is "confusion" and a "dispute" as to the percentage of ownership interests in and control of 5171. Importantly, Linaburg has not taken any legal action against Defendant Kane or 5171 regarding his percentage ownership of 5171 despite the many pending actions involving the parties including the Bankruptcy Case.

5. Admitted. By way of further response, Defendant Kane provides the following additional information with respect to the actions identified in subparagraphs (a.) through (e.) as set forth in Linaburg's Motion:

a. Allegheny County Docket No. GD-18-004336: There has been no activity in this case since early June. The interests of all Defendants, including Defendant Linaburg, are congruent. Additionally, the Plaintiff has neither filed a Proof of Claim in the Bankruptcy Case nor sought Relief from the automatic stay.

b. Allegheny County Docket Nos. GD-19-002820, GD-19-002821, GD-19-002822: There has been no activity in these cases since July 1, 2019. The interests of both Kane and 5171 as alleged co-borrowers are congruent as they have both alleged that the underlying notes are unenforceable and collection pursuant to the same is barred by the statute of limitations. There are no cross claims nor are there grounds to bring any cross claims. Additionally, the Plaintiff has neither filed a proof of Claim in the Bankruptcy Case nor sought Relief from the automatic stay.

c. Allegheny County Docket No. GD-19-002405: There has been no activity since June of 2019. The *sole* relief sought is access to the corporate records of 5171 and 5171 Campbells Land Co., LLC (emphasis added). Furthermore, on June 28, 2019, the Parties agreed to a Consent Order under which the Defendants agreed to provide the documents that Plaintiffs were seeking. Said documents were in fact provided. Again, the interests of both Kane and 5171 in this action are congruent.

d. Western District of Pennsylvania Docket No. 2:19-cv-685-WSS: This case has been resolved with respect to 5171 pursuant to a Court Approved Settlement in the Bankruptcy Case.

e. Western District of Pennsylvania Bankruptcy Docket No. 2:19-bk-22715-CMB (previously defined as the "Bankruptcy Case"): This case remains pending. Kane was neither identified as a creditor nor has filed a Proof of Claim in the Bankruptcy Case.

Most importantly, the Lampl Firm was approved by the Bankruptcy Court as Counsel to 5171 in the Bankruptcy Case following the disclosure of the Lampl Firm's involvement in all of the actions referenced by Linaburg in paragraph 5 of his Motion. Specifically, on July 10, 2019, the Lampl firm filed an Application to Employ Robert O Lampl (and the other attorneys at the Lampl Firm) as Counsel for the Debtor (the "Application to Employ"). As an attachment to the Application to Employ, the Lampl Firm included a Verification Statement Pursuant to Bankruptcy Rule 2014, which was executed by Robert O Lampl on behalf of the Lampl Firm (the "Verification"). The Verification specifically identifies all of the actions in which the Lampl Firm represents 5171 and all of the actions in which the Lampl Firm represents William T. Kane. The July 10, 2019 Application to Employ, which includes the Verification is attached hereto as **Exhibit A**.

Despite having nineteen (19) days to file a response or an objection to the Application to Employ and despite actively participating in the Bankruptcy Case, including participating through his entity, L-Four, LP, on the Official Committee of Unsecured Creditors, Linaburg did not file a response or an objection to the Application to Employ. The Notice of Hearing regarding the Application to Employ and proof that it was served on Linaburg is attached hereto as **Exhibit B**. Ultimately, the Lampl Firm was approved as counsel for the Debtor by the

Bankruptcy Court. The Order approving the Lampl Firm as Counsel to 5171 in the Bankruptcy Case is attached hereto as **Exhibit C**.

Thus, the issue of whether or not the Lampl Firm has any conflicts as a result of its representation of Kane and 5171 has already been ruled upon. Accordingly, the doctrine of collateral estoppel precludes Linaburg from seeking to disqualify the Lampl Firm herein.

Also important is the fact that on November 12, 2019, 5171 filed a Plan of Liquidation in conjunction with the Official Committee of Unsecured Creditors (which again, Linaburg through an entity is a member of) pursuant to which 5171 would transfer all of its remaining assets, including but not limited to any claims or causes of action that 5171 holds against third parties to a Creditors' Trust to be administered by a Plan Administrator. A copy of the November 12, 2019 Plan of Liquidation is attached hereto as **Exhibit D**. Thus, to the extent it is suggested that 5171 has claims against Kane which are somehow being thwarted by the Lampl Firm said suggestion is without merit as the Plan Administrator will have the sole ability to bring claims on behalf of 5171. The Lampl Firm acknowledges that in the event a claim is brought by the Plan Administrator on behalf of 5171 against Kane, it cannot represent Kane in such an action.

6.      The averments of this paragraph set forth a conclusion of law for which no response is required. By way of further response, the averments of this paragraph are denied. Furthermore, Defendant Kane incorporates his responses to paragraphs 4 and 5 herein.

7. The averments of this paragraph set forth a conclusion of law for which no response is required. By way of further response, the averments of this paragraph are denied. Furthermore, Defendant Kane incorporates his responses to paragraphs 4 and 5 herein.

8. The averments of this paragraph set forth a conclusion of law for which no response is required. By way of further response, the averments of this paragraph are denied. Furthermore, Defendant Kane incorporates his responses to paragraphs 4 and 5 herein.

9. Denied. By way of further response, Defendant Kane incorporates his responses to paragraphs 4 and 5 herein. Defendant Kane also incorporates the arguments set forth in his Brief in Opposition to the Motion to Disqualify Kane's Counsel.

WHEREFORE, Defendant Kane respectfully requests that this Honorable Court deny Defendant Linaburg's Motion to Disqualify.

Respectfully Submitted,

*/s/ Ryan J. Cooney*
ROBERT O LAMPL
PA I.D. #19809
RYAN J. COONEY
PA I.D. #319213
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **US FOODS, INC.,** | **CIVIL ACTION** |
| Plaintiff, | Case No. 2:19-cv-00946-JFC |
| vs. | |
| **WILLIAM T. KANE a/k/a BILL T. KANE,** an individual, and **RONALD G. LINABURG, D.D.S.,** an individual, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

Ryan J. Cooney, hereby certifies that on the 5th day of December, 2019, a true and correct copy of the foregoing **RESPONSE TO MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL** was served upon the following

*(via First-Class U.S. Mail and/or email service):*

Michael P. Oliverio
John J. Heurich
501 Smith Drive, Suite 3
Cranberry Twp., PA 16066
moliverio@lynchlaw-group.com
jheurich@lynchlaw-group.com

Maria Zoee Vathis
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
Maria.vathis@bclplaw.com

Brian C. Thompson
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
bthompson@thompsonattorney.com

Gretchen E. Moore
Strassburger, McKenna, Gutnick
  & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
gmoore@smgglaw.com

                    */s/ Ryan J. Cooney*
ROBERT O LAMPL
PA I.D. #19809
RYAN J. COONEY
PA I.D. #319213
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com