**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| US FOODS, INC., | CIVIL ACTION |
| Plaintiff, | Case No. 2:19-cv-946-JFC |
| v. | |
| WILLIAM T. KANE a/k/a BILL T. KANE, an individual, and RONALD G. LINABURG, D.D.S, an individual, | |
| Defendants. | |
| **JURY TRIAL DEMANDED.** | |

## DR. LINABURG'S BRIEF IN OPPOSITION TO KANE'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

AND NOW, comes Defendant, Ronald G. Linaburg, D.M.D.,[1] ("Dr. Linaburg") by and through his attorneys, Michael P. Oliverio, Esq., John J. Heurich, Jr., Esq., and The Lynch Law Group, LLC, and files the within Response in Opposition to Defendant's, William T. Kane a/k/a Bill T. Kane ("Kane"), Motion to Strike Affirmative Defenses, and states as follows:

### I.   STATEMENT OF FACTS

US Foods' action alleges claims for Breach of Guarantee and Account Stated against Kane and Dr. Linaburg"). *See* ECF No. 1. According to its Complaint, US Foods supplied various food products and food related services to 5171 Campbells Land Co., Inc. ("Campbells") in 2018. ECF No. 1, at ¶¶ 6-10.  At that time, Campbells operated a chain of 27 Perkins Franchise restaurants. *See* ECF No. 13, at ¶ 100.

---

[1] Dr. Linaburg has at all material times possessed, and has held himself out as possessing, a Doctor of Medical Dentistry (D.M.D.) degree.

In connection with these transactions among Campbells and US Foods, Campbells executed a Customer Account Application (the "Agreement"). ECF No. 1., at Ex. A; ECF No. 13, at ¶ 7. Pursuant to the Agreement, Campbells was to pay US Foods for the goods and services received. ECF No. 1, at Ex. A. The Agreement included a pre-printed, adhesive guaranty ("Guaranty") that was signed by Dr. Linaburg and Kane. ECF No. 13, at ¶ 11. US Foods alleges that by executing the Guaranty, Dr. Linaburg and Kane "personally and unconditionally" guarantied payment of all amounts owed by Campbells. ECF No. 1, at ¶ 12. US Foods further alleges that it is owed a total of $600,512.14 on past due invoices that accrued pursuant to the Agreement, along with other fees and costs. ECF No. 1, at ¶ 17.

Since the Agreement and Guaranty were signed, Campbells became financially insolvent and ultimately sought Chapter 11 Bankruptcy protection in July 2019. ECF No. 13, at ¶ 46. At all material times, Dr. Linaburg was the sole investor and source of capital contributions to Campbells. *Id*., at ¶ 49. Dr. Linaburg was under the impression that he was a principal of Campbells. However, Kane, through systemic and repeated fraud, misrepresentation, obfuscation, and oppression, deprived Dr. Linaburg of any meaningful ownership or control over the company. *Id*., at ¶¶ 49-55. For example, without any input from Dr. Linaburg, Kane treated Campbells as his own fiefdom, giving salaries to family and friends who did little to no work in the company. *Id*. He also sucked cash out of Campbells intending to defraud creditors and Dr. Linaburg. *Id*., at ¶ 55.

Dr. Linaburg's crossclaims and affirmative defenses detail numerous other actions by Kane to defraud Dr. Linaburg and other creditors, run Campbells as a mere alter ego of Kane. The affirmative defenses and crossclaims likewise contain extensive allegations that US Foods was complicit in certain of these schemes, and through its own actions and inactions that US Foods breached the terms of its agreement with Dr. Linaburg and provided food items and services

outside the scope of any guaranty he provided. Following Dr. Linaburg's timely filed Answer, Affirmative Defenses and Crossclaim, Kane filed his untimely Motion to Strike Dr. Linaburg's Affirmative Defenses. Specifically, Kane seeks to strike paragraphs 49 through 84, which contain the various allegations referenced here.

## II.　LEGAL STANDARD

Under Rule 12(f), a court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. F.R.C.P. 12(f). Striking a party's pleadings is an extreme measure and, [m]otions to strike under [Rule] 12(f) are viewed with disfavor and are infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (*citing* 5 Wright & Miller, Fed. Prac. & Proc. Civil § 1380, at 783 (1969)).

As a general rule, motions to strike are not favored in the law, and will usually be denied unless the allegations have no possible relation to the controversy or may prejudice the other party. *Am. Oil Co. v. Cantelou Oil Co.*, 41 F.R.D. 143, 145 (W.D. Pa. 1966). A motion to strike should not be granted unless the court is convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the defense succeed. *Soanes v. B&O R.R. Co.*, 89 F.R.D. 430, 431 n. 1 (E.D.N.Y. 1981) (citations omitted); *see also N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 158 (E.D. Pa. 1994) (citation omitted); *U.S. v. Marisol,* 725 F.Supp. 833 (M.D. Pa.1989); *Zappala v. Hub Foods, Inc.*, 683 F.Supp. 127, 131 (W.D. Pa.1988). Motions to strike are generally disfavored by courts because of their frequent use as a dilatory tactic. *See, e.g., Coffman v. Wilson Police Dept.,* 739 F.Supp. 257 (E.D. Pa. 1990); *Marisol, supra*.

## III.　ARGUMENT

Kane cannot succeed on his arguments claiming that the Paragraphs 49 through 84 of Dr. Linaburg's Affirmative Defenses are improper and legally insufficient. Though Kane cites to the

second circuit case, *GEOMC Co. v. Calmare Therapeutics* for the proposition that an affirmative defense should be stricken if it is a legally insufficient basis for precluding a plaintiff on its claims, this circuit has not at this time adapted that position. 918 F 3. D. 92,98 (2d Circ 2019). However, courts in this circuit require that an affirmative defense only provide "fair notice of the issue involved." *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566 (M.D. Pa. 2015); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011).

### A.    Allegations of Ownership are Material

Right out of the gate, Kane advances an argument entirely at odds with his own Answer. In fact, throughout the entirety of his Answer, Kane refers to Dr. Linaburg's ownership interest in Campbells. *See generally* ECF No. 19. Surely, if ownership allegations were truly "irrelevant" and "immaterial," as Kane argues, then his Answer would also be devoid of them.

Moreover, contrary to Kane's arguments, the fact remains that Dr. Linaburg served as the sole investor and source of capital for Campbells. Kane led Dr. Linaburg to believe that he was a controlling officer, partner or owner, when in reality virtually all control of Campbells was vested in Kane. Through such fraud, Dr. Linaburg believed that he, rather than Kane alone, was a controlling member of Campbell's, and was induced by Kane to sign the Guaranty.

As the allegations related to the disputed ownership of Campbells are germane to Dr. Linaburg's defenses, including Kane's fraud in procuring Dr. Linaburg to sign the Guaranty, they cannot, therefore, be irrelevant or immaterial to liability. Consequently, Kane's Motion to Strike must be denied.

### B.    Allegations of Kane's Actions are Sufficient and Relevant

The allegations pertaining to Kane's actions include the facts that Kane ordered non-approved food items and services from US Foods, sold unauthorized items under the table, and

paid kickbacks and bribes to US Foods employees to induce delivery and relaxed payment terms. *See generally* ECF No. 13.

Contrary to Kane's assertions, these allegations are directly material to Dr. Linaburg's defenses to liability. Indeed, the Guaranty was signed as a part of the Agreement with US Foods to supply PMC-approved food items and services for Perkins restaurants. To the extent that US Foods seeks to recover any costs associated with the unauthorized items and services procured by Kane, Dr. Linaburg cannot be liable under the Guaranty as such items were not part of the Agreement. Moreover, to the extent that US Foods and Kane were part of a joint scheme which served Kane's personal interests as opposed to the legitimate business interests of Campbells, such scheme constituted a breach of US Foods' obligations under its agreement with Campbells, Kane, and Dr. Linaburg that will relieve Dr. Linaburg of his obligation to perform under the guaranty. Finally, the Fraud perpetrated by Kane which induced Dr. Linaburg to enter into the guaranty eliminates the consideration necessary to support the guaranty.

As these allegations are directly related to Dr. Linaburg's defenses to liability, they are relevant and should not be stricken. *See Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566 (M.D. Pa. 2015). Consequently, Kane's Motion to Strike must be denied.

### C. Allegations of Fraud are Sufficiently Pled and should not be Stricken

Contrary to Kane's arguments, the allegations related to Kane's fraud are sufficiently pled. The Federal Rules require a pleading to contain a "short plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(c). Rule 9(b) provides that, while the circumstances constituting fraud must be alleged with particularity, that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

The circumstances constituting Kane's fraud have been alleged "in short plain statements" with sufficient particularity. For instance, it is alleged that Kane ordered non-PMC approved foods

and services for the Perkins restaurants, that he sold goods from US Foods "under the table," and that he fraudulently engaged in bribes and kickbacks to induce US Foods' participation and to obtain relaxed payment terms at the time of the delivery. *See* ECF No. 13, ¶¶ 67,72,78. Such allegations set forth clear and particular instances of Kane's fraud, and are sufficient to satisfy Dr. Linaburg's pleading burden. Dr. Linaburg may rely on general allegations regarding Kane's malice, intent and knowledge.

Also contrary to Kane's assertions, the allegations of fraud are relevant to Dr. Linaburg's defenses. Affirmative defenses are only insufficient if they are not a defense to a cause action. *Environ Prod., Inc. v. Total Containment, Inc*., 951 F. Supp. 57, 60 (E.D. Pa. 1996).

At all material times, Kane fraudulently misrepresented Dr. Linaburg's ownership status in and control of Campbells. Indeed, contrary to Kane's misrepresentations, Kane exercised full, unfettered control of Campbells. Kane's fraud and misrepresentations assisted in procuring Dr. Linaburg to sign the Guaranty. As the Guaranty was procured by fraud, Dr. Linaburg should not be held liable. Furthermore, as set forth above, Dr. Linaburg should not be held liable for any costs of the non-PMC approved food items or services that Kane fraudulently procured from US Foods.

The allegations pertaining to Kane's fraudulent conduct are sufficient defenses to the instant action. Furthermore, the allegations are germane, relevant and material to Dr. Linaburg's defenses and should not be stricken. Consequently, Kane's Motion to Strike must be denied.

### D. Allegations of Conspiracy are not Scandalous must not be Stricken

A scandalous matter or pleading is "one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *US Investigations Servs., LLC v. Callihan,* Civ. A. No. 2:11–cv–0355, 2011 U.S. Dist. LEXIS 50506, *2 (W.D.Pa.2011) ( (quoting *Carone v. Whalen,* 121 F.R.D. 231, 232 (M.D. Pa. 1988)). The standard for striking a complaint or a portion of it is strict, and "only allegations that are so unrelated to the plaintiffs' claims as to

be unworthy of any consideration should be stricken." *Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017).

The allegations pertaining to conspiracy merely convey the facts of the matter at hand— that Kane conspired with US Foods employees to ensure delivery and relaxed payment terms for the non-PMC approved food items and services that he ordered. Moreover, these allegations do not use repulsive language, nor do they detract from the dignity of the court. Indeed, allegations of conspiracy and scheme are not, in and of themselves, scandalous in nature. *See e.g. Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009). Similarly, courts will not declare scandalous and strike every allegation that a defendant may have acted improperly or illegally. *Brkovich v. Dynacom Indus., Inc.*, 2011 WL 7052128, at *3 (W.D. Pa. 2011). Instead, a defendant may properly respond by denying such allegations in its answer. *Id.*

Moreover, Kane's conspiracy and scheme are germane, directly relevant and material to Dr. Linaburg's defenses. Again, Dr. Linaburg should not be held liable for any costs related to non-PMC approved foods and services US Foods provided to Campbells as part of a scheme or conspiracy with Kane. Consequently, Kane's Motion to Strike must be denied.

### E. The Motion to Strike asks this Court to Prematurely Evaluate the Merits of Dr. Linaburg's Affirmative Defenses

Where there are disputed questions of either fact or law, a motion to strike should be denied. *Resolution Trust Corp. v. Farmer,* 823 F.Supp. 302, 305–06 (E.D. Pa. 1993). Motions to strike should not be granted when the sufficiency of the defense depends upon disputed or undeveloped issues of fact. *Klaus v. Jonestown Bank & Tr. Co.*, 2014 WL 1024591, at *2 (M.D. Pa. 2014).

Throughout the Motion to Strike, Kane vehemently disputes Dr. Linaburg's defenses of fraud and conspiracy, claiming they are untrue. ECF No. 22, at pp. 8 & 11. By both disputing and seeking to strike Dr. Linaburg's affirmative defenses, Kane is demanding the court to prematurely

evaluate the merits of the defenses before a factual record is developed. Consequently, Kane's Motion to Strike must be denied.

### IV.    **<u>CONCLUSION</u>**

For all of the foregoing reasons, Kane's Motion to Strike must be denied.

Date:  December 6, 2019                    Respectfully submitted,

THE LYNCH LAW GROUP, LLC


/s/ *Michael P. Oliverio*
Michael P. Oliverio, Esq.
PA ID No. 209399
John J. Heurich, Jr., Esq.
PA ID No. 317155
501 Smith Dr., Suite 3
Cranberry Township, PA 16066
moliverio@lynchlaw-group.com
jheurich@lynchylaw-group.com
(724) 776-8000
Counsel for Defendant, Ronald G. Linaburg,
D.M.D.