IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM T. KANE a/k/a BILL T. KANE, an individual, and RONALD G. LINABURG, D.D.S, an individual, <br><br> Defendants. <br><br> **JURY TRIAL DEMANDED.** | CIVIL ACTION <br><br> Case No. 2:19-cv-946-JFC |

### RONALD G. LINABURG'S BRIEF IN RESPONSE TO WILLIAM KANE a/k/a BILL T. KANE'S MOTION TO DISMISS CROSSCLAIMS AND CROSSMOTION TO DISMISS DEFENDANT'S CROSSCLAIM

AND NOW, comes Defendant, Ronald G. Linaburg, D.M.D.,[1] by and through his attorneys, Michael P. Oliverio, Esq., John J. Heurich, Jr., Esq. and The Lynch Law Group, LLC, and in response to Kane's untimely Motion to Dismiss Crossclaim, moves to dismiss the Crossclaim of Defendant William T. Kane a/k/a Bill Kane ("Kane") and in support thereof avers as follows:

I. **BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On August 2, 2019, Plaintiff initiated this action via Complaint, asserting claims for Breach of Guarantee and Account Stated against Dr. Ronald Linaburg ("Dr. Linaburg") and William T. Kane, aka Bill Kane ("Kane"). *See* Complaint Doc. 1. These claims arise from a series of unpaid invoices for various food products and restaurant supplies which 5171 Campbell's Land Company, Inc. ("Campbells"), ordered and received from US Foods, Inc. ("US Foods"). ECF

---

[1] Dr. Linaburg has at all material times possessed, and has held himself out as possessing, a Doctor of Medical Dentistry (D.M.D.) degree.

1

No. 1 at ¶¶ 6-10. Both Kane and Dr. Linaburg signed a personal guaranty for the supplier agreement between US Foods and Campbells. On September 27, 2019, Dr. Linaburg filed his Answer with Affirmative Defenses and Crossclaim in Response to the Plaintiff's Complaint. In this pleading, Dr. Linaburg asserts, inter alia, crossclaims against Kane for Contribution and Indemnity, as the breaches alleged by US Foods., were due to the conduct of Kane. On November 6, 2019, Kane filed an untimely Answer with Affirmative Defenses, stating a Crossclaim against Dr. Linaburg for Contribution. ECF No. 20. On the same day, Kane also filed an untimely Motion to Dismiss Dr. Linaburg's Crossclaim. ECF No. 21. In response to Kane's untimely Motion to Dismiss, Dr. Linaburg files this instant Reply and moves to dismiss Kane's Crossclaim.

## II. LEGAL STANDARD

A court may dismiss a pleading that fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). Dismissal is appropriate under Rule 12(b)(6) when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Bald assertions, unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations are insufficient to survive a motion to dismiss. Id., at 678-79; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). When determining the sufficiency of a complaint, the court must: (i) identify the elements of the claim; (ii) review the complaint to strike conclusory allegations; and

(iii) analyze the well-pled components of the complaint, evaluating whether all the elements of a claim are sufficiently alleged and legally viable. *Malleus*, 641 F.3d at 563.

## III. ARGUMENT

Based upon prevailing caselaw, the contribution crossclaim filed by Kane fails as a matter of law. The Pennsylvania Uniform Contribution Among Tortfeasors Act provides for a right of contribution among joint tortfeasors. 42 Pa.C.S.A. § 8326. "Joint tortfeasors" are defined as two or more persons jointly or severally liable in tort for the same injury to persons or property [. . .]." 42 Pa.C.S.A. § 8322. Two or more actors are liable as joint tortfeasors where they "cause a single harm which cannot be apportioned. . .even though they have acted independently." *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. 1984). Under Pennsylvania law, the equitable obligation of contribution among joint tortfeasors is only available where the underlying action sounds in tort and is inapplicable to breach of contract actions. *EQT Prod. Co. v. Terra Services*, LLC, 179 F. Supp. 3d 486, 493 (W.D. Pa. 2016) (collecting case law).

The claim for breach of guaranty filed by Plaintiff against Kane sounds in breach of contract rather than tort, since Kane and Dr. Linaburg signed a personal guaranty. In fact, this Court has recognized that "[a]n action seeking recovery under a guaranty is essentially a breach of contract action." *U.S. Bank, N.A. v. Gorman*, Civil Action No. 11-612, 2012 WL 2919295, at *4 (W.D. Pa. June 7, 2012). Plaintiff is seeking damages based upon the personal guaranty he signed. The alleged harm from which Plaintiff seeks relief does not sound in tort and is based entirely in contract, therefore there are no joint tortfeasors in this matter, and Kane cannot pursue a claim for contribution against Dr. Linaburg.

Portions of Dr. Linaburg's affirmative defenses state allegations of fraud against Kane. As stated above, Third Circuit precedent does not permit a right of contribution between co-obligors on the primary contract. Dr. Linaburg's affirmative defenses and Crossclaims against Kane concern his tortious conduct separate from the underlying action. Dr. Linaburg's crossclaims against Kane arise from his tortious conduct. As to the contribution crossclaims related to the breach of guarantee, it appears that this Court will be bound to accept the foregoing law and dismiss both. Nevertheless, Kane's crossclaim for contribution against Dr. Linaburg is legally insufficient.

**IV. CONCLUSION**

For the foregoing reasons, Kane's Crossclaim fails to state a claim upon which relief can be granted. The Crossclaim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date: December 6, 2019

Respectfully submitted,

THE LYNCH LAW GROUP, LLC

/s/ *Michael P. Oliverio*
Michael P. Oliverio, Esq.
PA ID No. 209399
John J. Heurich, Jr., Esq.
PA ID No. 317155
501 Smith Dr., Suite 3
Cranberry Township, PA 16066
moliverio@lynchlaw-group.com
jheurich@lynchylaw-group.com
(724) 776-8000
Counsel for Defendant, Ronald G. Linaburg, D.M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this _____ day of November 2019, a true and correct copy of the foregoing **DEFENDANT LINABURG'S RONALD G. LINABURG'S REPLY TO WILLIAM KANE a/k/a BILL T. KANE'S MOTION TO DISMISS CROSSCLAIMS AND CROSSMOTION TO DISMMISS DEFENDANT'S COUNTERCLAIM** was served upon the following via the Court's CM/ECF System:

Gretchen E. Moore, Esq.
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Maria Zoee Vathis, Esq.
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
*Counsel for Plaintiff*

Dennis M. Blackwell, Esq.
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
*Counsel for Defendant William T. Kane a/k/a Bill T. Kane*

Robert O. Lampl, Esq.
Ryan J. Cooney, Esq.
Law Offices of Robert O. Lampl
Benedum Trees Building, Floor 4
223 Fourth Avenue
Pittsburgh, PA 15222
*Counsel for Defendant William T. Kane a/k/a Bill T. Kane*

/s/ *Michael P. Oliverio*
Michael P. Oliverio, Esq