# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | | |
|---|---|---|
| US FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 2-19-cv-00946-JFC |
| | ) | |
| WILLIAM T. KANE aka BILL T. KANE, | ) | **FED. R. CIV. P. 26(F) REPORT** |
| an individual; and RONALD G. | ) | **OF THE PARTIES** |
| LINABURG, D.D.S., an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff US Foods, Inc. ("Plaintiff" or "US Foods"), by its undersigned counsel, pursuant

to Rule 26(f) of the Federal Rules of Civil Procedure, hereby submits the following report:

1. <u>Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent</u>:

<u>Plaintiff US Foods</u>:        Gretchen E. Moore
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
gmoore@smgglaw.com

Maria Z. Vathis
Bryan Cave Leighton Paisner, LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
(312) 602-5127
maria.vathis@bclplaw.com

<u>Defendant Kane</u>:        Dennis M. Blackwell
The Blackwell Law Firm
223 Fourth Avenue
Benedum Trees Building, 9th Floor
Pittsburgh, PA 15222
(412) 391-5299
db@theblackwelllawfirm.com

1

Robert O. Lampl
Ryan J. Cooney
Robert O Lampl Law Office
Benedum Trees Building
223 Fourth Avenue
4th Floor
Pittsburgh, PA 15222
(412) 392-0330
rol@lampllaw.com
rcooney@lampllaw.com


Defendant Linaburg:    Michael Oliverio
John J. Heurich
The Lynch Law Group
501 Smith Drive
Suite 3
Cranberry Township, PA 16066
724-776-8000
moliverio@lynchlaw-group.com
jheurich@lynchlaw-group.com

Brian C. Thompson
Thompson Law Group, P.C.
125 Warrendale Bayne Road
Suite 200
Warrendale, PA 15086
724-799-8404

2.    <u>Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc.):</u>

<u>Plaintiff US Foods</u>:  US Foods brings claims of breach of guaranty and, in the alternative, for account stated, against Defendants Kane and Linaburg.

<u>Defendant Kane</u>: William Kane raises various defenses and asserts crossclaims against Defendant Ronald Linaburg, D.M.D., for contribution.

<u>Defendant Linaburg</u>: Ronald Linaburg, D.M.D., raises various defenses and asserts crossclaims against Defendant William Kane for contribution and indemnification.

3.    <u>Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:</u>

2

The parties held a Rule 26(f) Conference on November 22, 2019. The counsel identified in the response to Paragraph 1 with the exception of attorney Lampl attended the Rule 26(f) Conference. The parties do not anticipate that any additional parties will be added to the litigation.

4. <u>Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):</u>

The Rule 16 Initial Scheduling Conference is scheduled for December 17, 2019 at 2:30 p.m.

5. <u>Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:</u>

<u>Plaintiff US Foods' position:</u> US Foods does not anticipate filing a dispositive motion pursuant to Fed. R. Civ. P. 12.

<u>Defendant Kane's position:</u> William Kane has brought a motion pursuant to Rule 12(b)(6) for failure to state a claim against Ronald Linaburg, D.M.D., on the basis that Dr. Linaburg's claims for indemnification and contribution fail as a matter of law.

<u>Defendant Linaburg's position:</u> Ronald Linaburg, D.M.D., has brought a crossmotion pursuant to Rule 12(b)(6) for failure to state a claim against William Kane, on the basis that Kane's claims for contribution fail as a matter of law.

3

6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

The parties selected Judge Gary P. Caruso to mediate the case.  The parties anticipate that the mediation will take place in February 2020.

7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

The parties have agreed to exchange disclosures on December 9, 2019.

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

Plaintiff US Foods:  US Foods anticipates that it will seek fact discovery regarding Defendants' breach of guaranty and the accounting in connection with its contractual business relationship with 5171 Campbells Land Co., Inc.

Defendant Kane: William T. Kane anticipates that it will seek fact discovery regarding Plaintiff's business relationship with 5171 Campbells Land Co., Inc., including but not limited to orders placed by 5171, payments made by 5171 and Plaintiff's application of payments made by 5171. Defendant Kane will seek discovery regarding the allegations made by Defendant Linaburg in his Affirmative Defenses and Crossclaim. Specifically, Defendant Kane will seek all information in possession of Defendant Linaburg that allegedly supports his allegations of fraud, bribery and a conspiracy between Defendant Kane and certain US Foods employees. Defendant Kane will also seek discovery regarding Defendant Linaburg's communications with US Foods.

4

**Defendant Linaburg**: Ronald Linaburg, D.M.D. anticipates that he will seek fact discovery regarding the performance of the underlying contract between US Foods and 5171 Campbells Land Company, Inc., as well as the matters raised in the crossclaims filed by Linaburg and Kane (to the extent such crossclaims are not dismissed by the Court pursuant to the pending crossmotions under Rule 12).

9.  <u>Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):</u>

(a)  Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:

    <u>Disclosures pursuant to Fed. R. Civ. P. 26(a) will be made by December 9, 2019</u>.

(b)  Date by which any additional parties shall be joined:  <u>April 3, 2020</u>

(c)  Date by which the pleadings shall be amended:  <u>April 3, 2020</u>

(d)  Date by which fact discovery should be completed:  <u>May 8, 2020</u>

(e)  If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:

<u>Plaintiff US Foods</u>: Discovery on Plaintiff's claims of breach of guaranty and, in the alternative, for account stated, should proceed despite Defendant Kane's pending dispositive motion to dismiss Defendant Linaburg's crossclaim against him.

<u>Defendant Kane</u>:  Defendant Kane does not believe that discovery should be conducted in phases. Defendant Kane does not object to discovery proceeding prior to a disposition on his Motion to Dismiss Defendant Linaburg's Crossclaim.

5

Defendant Linaburg: Defendant Linaburg objects to discovery proceeding on the crossclaims until the Court rules on whether the crossclaims will stay in the case.

(f)    Date by which plaintiff's expert reports should be filed: The parties propose a status conference after fact discovery closes to determine dates for expert discovery and expert reports.

(g)    Date by which depositions of plaintiff's expert(s) should be completed: The parties propose a status conference after fact discovery closes to determine dates for expert discovery and expert reports.

(h)    Date by which defendant's expert reports should be filed: The parties propose a status conference after fact discovery closes to determine dates for expert discovery and expert reports.

(i)    Date by which depositions of defendant's expert(s) should be completed: The parties propose a status conference after fact discovery closes to determine dates for expert discovery and expert reports.

(j)    Date by which third party expert's reports should be filed: N/A

(k)    Date by which depositions of third party's expert(s) should be completed: N/A

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

The parties do not propose any change to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule.

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

(a)    ESI. Is either party seeking the discovery of ESI in this case?
X    Yes    ___ No [If "No," skip to sub-part (e) below.]

(b)    ESI Discovery Plan. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

X  Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by:

6

There will be a limited need for review of electronic mail and the parties will propose custodians and search terms. The parties will meet and confer on such matters.

☐ Have developed an ESI discovery plan (as attached).
☐ Will have an ESI discovery plan completed by _____ .

NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

(c)     Preservation. Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
      ☐ Yes        X No – While noting that the parties will preserve ESI and/or otherwise avoid spoliation of evidence, consistent with normal litigation practices.

(d)     ADR. Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
      X Yes        ☐ No

      <u>Plaintiff US Foods</u>: Plaintiff intends to seek limited discovery in advance of ADR.

(e)     Clawback Agreement. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

X   Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
☐   Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
☐ Are unable to agree on appropriate non-waiver language.

(f)     EDSM and E-Mediator. Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
      ☐ Yes        X No

(g)     Other. Identify all outstanding disputes concerning any ESI issues:

601362523.2

The parties do not have any outstanding dispute concerning ESI and do not contemplate unusual ESI issues. All parties reserve the right to raise issues in the future with the Court should such issues arise.

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

None.

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

The parties do not anticipate that the Court may have to appoint a special master to deal with any matter.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

The parties have not failed to agree with regard to any subject for which a report is required.

8

16. <u>Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration</u>:

Plaintiff has expressed a willingness to discuss settlement. As of the date of the filing of this report, no offers have been made. The parties will participate in the alternative dispute resolution process in good faith.

Dated:  December 9, 2019

**STRASSBURGER, MCKENNA, GUTNICK & GEFSKY**

By:  /s/ Gretchen E. Moore
Gretchen E. Moore
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
gmoore@smgglaw.com


**BRYAN CAVE LEIGHTON PAISNER LLP**

By:  /s/ Maria Z. Vathis
Maria Z. Vathis
161 N. Clark Street, Suite 4300
Chicago, IL 60601
(312) 602-5127
maria.vathis@bclplaw.com

*Attorneys for Plaintiff US Foods, Inc.*


**THE BLACKWELL LAW FIRM**

By:  /s/  Dennis M. Blackwell
Dennis M. Blackwell
223 Fourth Avenue
Benedum Trees Building, 9th Floor
Pittsburgh, PA 15222
(412) 391-5299
db@theblackwelllawfirm.com

601362523.2

**ROBERT O. LAMPL LAW OFFICE**

By: /s/ Ryan J. Cooney
Robert O Lampl
Ryan J. Cooney
Benedum Trees Building
223 Fourth Avenue
4th Floor
Pittsburgh, PA 15222
(412) 392-0330
rol@lampllaw.com
rcooney@lampllaw.com

*Attorneys for Defendant William T. Kane*
**THE LYNCH LAW GROUP**

By:  /s/ Michael Oliverio
Michael Oliverio
John J. Heuric
501 Smith Drive
Suite 3
Cranberry Township, PA 16066
724-776-8000
moliverio@lynchlaw-group.com
jheurich@lynchlaw-group.com

**THOMPSON LAW GROUP, P.C.**

By:  /s/ Brian C. Thompson
125 Warrendale Bayne Road
Suite 200
Warrendale, PA 15086
724-799-8404

*Attorneys for Ronald G. Linaburg, D.D.S.*

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on December 9, 2019, a true and correct copy of the foregoing Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES was served via electronic mail to:

Dennis M. Blackwell
The Blackwell Law Firm
223 Fourth Avenue
Benedum Trees Building, 9th Floor
Pittsburgh, PA 15222 (412) 391-5299
db@theblackwelllawfirm.com
*Attorneys for Defendant Kane*

Robert O. Lampl
Ryan J. Cooney
Robert O. Lampl Law Office
Benedum Trees Building
223 Fourth Avenue 4th Floor
Pittsburgh, PA 15222
(412) 392-0330
rol@lampllaw.com
rcooney@lampllaw.com
*Attorneys for Defendant Kane*

Michael Oliverio
John J. Heurich
The Lynch Law Group
501 Smith Drive
Suite 3
Cranberry Township, PA 16066
724-776-8000
moliverio@lynchlaw-group.com
jheurich@lynchlaw-group.com
*Attorneys for Defendant Linaburg*

Brian C. Thompson
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
724-799-8404
*Attorneys for Defendant Linaburg*

By:  /s/ Gretchen E. Moore

601362523.2