IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM T. KANE a/k/a BILL T. KANE, an individual, and RONALD G. LINABURG, D.D.S, an individual, <br><br> Defendants. <br><br> **JURY TRIAL DEMANDED.** | CIVIL ACTION <br><br> Case No. 2:19-cv-946-JFC |

**DEFENDANT LINABURG'S REPLY TO DEFENDANT KANE'S RESPONSE TO MOTION TO DISQUALIFY DEFENDANT KANE'S COUNSEL**

AND NOW, comes Defendant, Ronald G. Linaburg, D.M.D.,[1] by and through his attorneys, Michael P. Oliverio, Esq., John J. Heurich, Jr., Esq. and The Lynch Law Group, LLC, and hereby files this Reply to Defendant Kane's Response to Motion to Disqualify Defendant Kane's Counsel, and in support thereof, avers as follows:

**A. Collateral Estoppel does not bar Lampl's Disqualification from this Instant Matter**

Defendant Kane argues that the issues of any actual or potential conflict of interest have been previously resolved by the court in the 5171 Campbells Bankruptcy case ("Bankruptcy Action")[2]. Therefore, collateral estoppel bars any further judicial inquiry. However, in order for collateral estoppel to apply the following elements must be established: (1) the issue decided in the previous action must be identical to one presented in the later action; (2) the previous action

---

[1] The caption of the instant action improperly reflects that Dr. Linaburg holds a D.D.S. degree, rather, Dr. Linaburg holds a D.M.D. degree.
[2] Pending in the United States Bankruptcy Court for the Western District of Pennsylvania Case No. 19-22715.

resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the previous action, or is in privity with a party to the previous action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous action. *Ocasio v. Ollson*, 596 F. Supp. 2d 890, 896 (E.D. Pa. 2009). In addition to the four elements stated above, courts have found that the determination of whether issue preclusion applies also depends upon "what was actually raised and decided at the prior proceeding, and whether the adjudicator confronted and decided an issue that was essential to the judgment. *Abdulhay v. Bethlehem Medical Arts,* 425 F.Supp.2d 646, 656 (E.D.Pa.2006).

In the present case, Defendant Kane has failed to demonstrate satisfaction of even the first element of collateral estoppel because the issue decided in the previous action is not identical to the one at issue here. In the Bankruptcy Action, on October 4, 2019, the Court entered an order permitting the law office of Robert O'Lampl (the "Lampl Firm") to represent the Debtor, 5171 Campbells, in that particular matter. The issue of whether the Lampl Firm could proceed to represent Kane, in this present case where there are allegations of fraud and crossclaims between parties, was never addressed. At the time of that Bankruptcy order, the Lampl Firm had not entered their appearance for Kane in this action. The Lampl Firm entered his appearance for Kane in this case on October 29, 2019, almost a month after the order in the Bankruptcy Action. ECF No. 16.

### B. There Exists a Concurrent Conflict of Interest

Despite opposing counsel's contention that the Motion to Disqualify is merely a "litigation tactic", there is a concurrent conflict of interest. On September 27, 2019, Dr. Linaburg filed his Answer and New Matter to US Food's Complaint. ECF No. 13. The Answer pleads allegations of fraud and misfeasance on behalf of Kane, in both his individual capacity and his capacity as an officer and principal of 5171 Campbells and raises ownership disputes regarding the entity. A

concurrent conflict of interest was caused by the entry of Robert O. Lampl's appearance on behalf of Kane which occurred on October 29, 2019, over a month after Dr. Linaburg filed his Answer and New Matter. *See* ECF No. 13, ECF No. 16.

As fully stated in Dr. Linaburg's Answer and Affirmative Defenses, Kane's fraudulent actions contributed to and caused the Breach of Guaranty, and ultimately harmed the bankruptcy estate of 5171 Campbells[3]. Courts recognize an inherent conflict for an attorney who represents both a corporation and its majority shareholder who controls the corporation. *In re N. John Cunzolo Associates, Inc.*, 423 B.R. 735, 737 (Bankr. W.D. Pa. 2010). Dual representation is frowned upon in this kind of situation because it prevents counsel from diligently searching for causes of action that may provide recovery for a bankruptcy estate. *Id*. at 737.

The Lampl Firm is well aware of this prohibition, as it was previously prohibited from such simultaneous conflict of interest in the *In re N. John Cunzolo Associates, Inc.* bankruptcy. The Court in *Cunzolo* denied the Application of Approval of Attorneys filed by the Lampl Firm because the firm had extensively represented the debtor's majority shareholder as an individual. *Id*. The *Cunzolo* Court held that the Lampl firm possessed potential and actual conflicts of interest as prepetition acts of majority shareholder had significantly diminished the company's bankruptcy estate. *Id*. at 738.

The Lampl Firm has already acknowledged this conflict between Kane and 5171 Campbells. At the Deposition of William Kane, the Lampl Firm made clear representations that it

---

[3] While Kane's counsel asserts that there is Plan of Liquidation filed in the Bankruptcy Action, which supposedly extinguishes any ownership dispute among shareholders, this plan has not yet been adopted or implemented. Moreover, the Lampl firm has provided no support for the contention that the submission of a Plan of Liquidation cures the concurrent conflict or relieves the Lampl firm of their obligations to the bankruptcy estate of 5171 Campbells.

was not acting as counsel to Kane on an individual basis, but only to the extent that the "questions are directed to a corporate designee" of 5171 Campbells. *See* Kane's Dep. Tr., attached hereto as Exhibit A pg. 10. By contrast, Dennis Blackwell, of the Blackwell Law Firm, was there to represent Kane in his individual capacity. Ex. A, at pg. 10. It is worth noting that Kane continues to be represented by Attorney Blackwell, who has also entered his appearance in this matter. The Lampl Firm made extensive other statements to counsel for numerous creditors, including counsel for Dr. Linaburg, that it would no longer be representing Kane in his individual capacity to avoid any conflict. Unfortunately, it appears those representations were illusory, as the Lampl Firm resumed representing Kane individually once the majority of the assets of 5171 Campbells were sold.

Akin to *Cunzolo*, Kane, by his own admission, is a majority shareholder and principal of 5171 Campbells. Ex A. Here, 5171 Campbells clearly has a cause of action against Kane given the allegations of fraudulent acts which have caused the company monetary loss. This presents the same unwaivable conflict present in *In re N. John Cunzolo Associates, Inc. See Id*. at 738.

Counsel for Kane has offered no substantive response to the alleged conflict present here. As counsel for the Debtor, the Lampl Firm owes duties to the bankruptcy estate, including ensuring that the rights of the creditors are protected. *In re Straughn*, 428 B.R. 618, 625–26 (Bankr.W.D.Pa.2010). The prejudice here extends not merely to the bankruptcy estate of 5171 Campbells, but also to Dr. Linaburg. As counsel for 5171 Campbells, the Lampl Firm has a duty to seek all possible recovery for the estate and preserve the rights of creditors, including Dr. Linaburg. On behalf of 5171 Campbells, the Lampl Firm has made numerous representations purporting to be in the best interests of the debtor and creditors. On behalf of Kane in his individual capacity, the Lampl Firm now makes assertions in this action that do not serve the interests of the bankruptcy estate and may even harm its interests.

As pointed out herein, the Lampl Firm is well acquainted with the prohibition on simultaneous representation of a bankrupt corporation and its principal shareholder. In 2010, that conflict caused the Lampl Firm to be denied its application to serve as counsel to N. John Cunzolo Associates, Inc. In this instance, the Lampl Firm was able to secure representation of 5171 Campbells.[4] Nothing that has happened in the 5171 Campbells Bankruptcy Action which has permitted the Lampl Firm to thereafter represent Kane on an individual basis in this action. The Lampl Firm has not even attempted to offer any assurances or explanations for how it can limit the scope of representation of either 5171 Campbells or Kane to avoid the concurrent conflict, nor has the Lampl Firm made any showing that it can adequately represent both parties under the circumstances. Kane continues to have other representation in this matter, and will not be prejudiced by the Lampl Firm being disqualified.

WHEREFORE, Defendant Dr. Ronald G. Linaburg, respectfully requests this Honorable Court grant the Motion to Disqualify.

---

[4] Undersigned counsel, who also represents Dr. Linaburg in the Bankruptcy Action, anticipates that the Lampl Firm's new representation of Kane individually in this matter will be brought to the attention of the United States Bankruptcy Court at the appropriate time in the near future.

Date:  December 30, 2019	Respectfully submitted,


THE LYNCH LAW GROUP, LLC


/s/ *Michael P. Oliverio*
Michael P. Oliverio, Esq.
PA ID No. 209399
John J. Heurich, Jr., Esq.
PA ID No. 317155
501 Smith Dr., Suite 3
Cranberry Township, PA 16066
moliverio@lynchlaw-group.com
jheurich@lynchylaw-group.com
(724) 776-8000
Counsel for Defendant, Ronald G. Linaburg, D.M.D.

# CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of December, a true and correct copy of the foregoing document was served upon the following via the Court's CM/ECF System:

Gretchen E. Moore, Esq.
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
*Counsel for Plaintiff*

Maria Zoee Vathis, Esq.
Bryan Cave Leighton Paisner LLP
161 N. Clark Street, 4300
Chicago, IL 60601
*Counsel for Plaintiff*

Dennis M. Blackwell, Esq.
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
*Counsel for Defendant William T. Kane a/k/a Bill T. Kane*

Robert O. Lampl, Esq.
Ryan J. Cooney, Esq.
Law Offices of Robert O. Lampl
Benedum Trees Building, Floor 4
223 Fourth Avenue
Pittsburgh, PA 15222
*Counsel for Defendant William T. Kane a/k/a Bill T. Kane*

/s/ *Michael P. Oliverio*

Michael P. Oliverio, Esq